[Civ. No. 12839. Second Appellate District, Division Two.— March 4, 1941.]

STATE COMPENSATION INSURANCE FUND, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and JOHN W. RUFFNER, Respondents.

Donald Gallagher, W. C. Flynn and Edmund J. Thomas, Jr., for Petitioner.

Everett A. Corten and Dan Murphy, Jr., for Respondents.

WOOD, J.—The petitioner, insurance carrier for the city of Beverly Hills, seeks to annul an award made by respondent commission on behalf of John W. Ruffner, who had performed services for the city as a bill collector and as an inspector of signs.

Ruffner was driving an automobile owned by the city to the city's garage at approximately 4:45 P. M. on May 3, 1940. His working hours were from 8 A. M. to 5 P. M. but at times he collected bills for the city earlier in the morning or later in the evening when he could find the debtors in their homes. On the occasion of the accident as Ruffner was driving on Roxbury Drive toward the garage he noticed two men coming from a building to enter a parked automobile. Ruffner had in his pocket a summons and complaint in a court action which he had carried for some time for the purpose of making service. The men who entered the automobile were the parties he desired to serve. He stopped his car and went across the street in an endeavor to make the service. When he returned to his own car he slipped on some mud at the curbing and fell, receiving the injuries for which he sought compensation from the city.

Ruffner occasionally served papers for private parties and received compensation for these activities. At the time of the accident the papers were being served for a personal friend, who paid him the sum of $5. The service of the papers had nothing whatever to do with Ruffner's employment with the city.

█ To enable an applicant to obtain an award for compensation he must show that the service he was rendering at the time of the injury grew out of and was incidental to the employment. (*California C. I. Exchange* v. *Industrial Acc. Com.*, 190 Cal. 433 [213 Pac. 257].) █ It is manifest that Ruffner was rendering no service whatever to the city of Beverly Hills when he walked across the street to serve legal papers in a matter in which the employing city was not interested. The respondent commission, however, takes the position that "the serving of private papers really became

a part of his work'' because of consent which it is claimed was given to Ruffner to serve legal papers occasionally. Ruffner testified that he spoke to the city attorney of Beverly Hills concerning the matter, who said that ''he didn't think there was any objection to it''. The city attorney had no authority to extend the liability of the city beyond the scope of Ruffner's employment by the city. When Ruffner left his work to serve the summons he was performing an act for the benefit of himself and a person other than his employer. Mere permission to perform such an act, even if it be conceded that the city attorney did grant such permission, would not make the city liable to compensate for injuries arising from its performance. (Campbell on Workmen's Compensation, vol. 1, p. 202, par. 209; *Kadow* v. *City of Los Angeles,* 31 Cal. App. (2d) 324 [87 Pac. (2d) 906]; *Brindamour* v. *Murray,* 7 Cal. (2d) 73 [59 Pac. (2d) 1009].)

The award is annulled.

Moore, P. J., and McComb, J., concurred.