[Sac. No. 5489. In Bank. Oct. 30, 1942.]

EDWIN W. POHLE, Appellant, v. E. H. CHRISTIAN, as Member of the State Personnel Board, etc., et al., Respondents.

Anthony J. Kennedy for Appellant.

Ivan C. Sperbeck and E. H. Christian in pro. per.; Earl Warren, Attorney General, Jess Hession, Assistant Attorney General, Ralph H. Cowing and Wilmer W. Morse, Deputies Attorney General, and E. Vayne Miller for Respondents.

Fred B. Wood as amicus curiae on behalf of Respondents.

EDMONDS, J.—Edwin W. Pohle has appealed from that portion of a judgment denying his application for a writ

of mandate by which he sought reinstatement to his civil service position and also payment for accumulated vacation days. In the same proceeding the petitioner was allowed as unpaid salary earned during the period of his employment the sum of $660, representing the difference between the amount paid to him and the amount of $205 per month fixed by the State Personnel Board as the minimum salary for his position. No appeal was taken from that part of the judgment, and it has now become final.

The petitioner was appointed to the permanent civil service position of Property Auditor in the Department of Finance of the State of California in 1931 and thereafter served continuously in that capacity until June 30, 1937. At the latter date, he had accumulated 24½ days vacation. On June 15, 1937, he was notified in writing by the Director of Finance that his position would be abolished in the interest of economy effective July 1, 1937, and that his name would then be placed on the lay-off list in accordance with the requirements of the State Civil Service Act of 1913. (Stats. 1913, ch. 590, as amended by Stats. 1933, ch. 214.) On October 5, 1937, a report of separation, stating the reason for the lay-off and signed by the Deputy Chief of the Division of Budgets and Accounts in the Department of Finance, was filed with the State Personnel Board. No further action was taken with reference to the matter until August 6, 1938, at which time the position and classification of Property Auditor was abolished by the State Personnel Board.

On May 8, 1938, the petitioner instituted the present proceeding, naming as respondents the members of the State Personnel Board, the State Controller, the State Treasurer and the Director of Finance. He alleged the facts concerning his accumulated vacation days and asked judgment for one month's vacation allowance in the sum of $205. As a second cause of action, and after setting forth the facts which have been stated, the petitioner alleged that it was not necessary on July 1, 1937, or at any time thereafter, to abolish the position of Property Auditor because of lack of funds or in the interest of economy; that the purported abolition of the position was a mere subterfuge adopted for the purpose of circumventing the provisions of the State Civil Service Act, article XXIV of the state Constitution, and the rules and regulations of the State Personnel Board; that the purported

lay-off and abolition of the position was not approved by the State Personnel Board; that the Deputy Chief of the Division of Budgets and Accounts was not authorized by law to separate petitioner from his position; that at all times since July 1, 1937, the petitioner has been ready, willing and able to perform the duties of the position of Property Auditor but was prevented from so doing by the respondent Director of Finance; and that his demand upon the respondents for the payment of his salary of $205 per month for the period commencing July 1, 1937, was refused. Under these circumstances, the petition concludes, the appellant is entitled to reinstatement in his position and a judgment for the amount of salary which has accrued from July 1, 1937.

The attorney general, on behalf of the respondents, filed an answer denying the allegations of the petition. By way of affirmative defense, the answer alleged that both the claim for reinstatement and the claim for vacation allowance are barred by the provisions of section 14a of the State Civil Service Act, *supra*.

After a trial upon these issues, the court found that on June 30, 1937, petitioner was placed on the lay-off list and his position was abolished; that he had accumulated 24½ days vacation, but that prior to July 1, 1937, he had refused to take any vacation. With respect to the claim for reinstatement and for salary since July 1, 1937, the court made findings contrary to the allegations of the petition. The court also found that each of the causes of action sued upon by the appellant is barred by the provisions of section 14a of the State Civil Service Act of 1913, *supra*. Judgment was accordingly entered in favor of the respondents.

Petitioner contends that his removal from the position of Property Auditor was illegal and void because the provisions of the State Civil Service Act, *supra*, then in force required the approval of the State Personnel Board as a condition precedent to any lay-off. He challenges, as unsupported by the evidence, the finding that such approval was given, and also the finding that it was necessary for reasons of economy to abolish the position of Property Auditor. With reference to his claim for vacation allowance, he concedes that such issue is moot if he is entitled to reinstatement as of July 1, 1937, with the right to salary accruing since that time. However, if the lay-off was valid, he asserts, he should have judgment for the amount of his vacation allowance. He also contends that the trial court erred

in ruling that the causes of action were barred by the provisions of section 14a of the State Civil Service Act of 1913, *supra.*

Among other points presented in support of the judgment, the attorney general insists that each of the appellant's causes of action is barred by the provision of section 14a of the State Civil Service Act of 1913, *supra,* and that by refusing to take his vacation prior to the lay-off, Pohle waived his claim to any allowance therefor. He also asserts that, under article XXIV of the Constitution, only the executive officer may approve lay-offs, a position contrary to that of the State Personnel Board, which has filed a brief in which it claims exclusive authority in that regard.

Assuming that the lay-off of the appellant on July 1, 1937, was illegal, his reinstatement to the position of Property Auditor has been rendered impossible because that position and classification have been abolished. As he does not question the validity of the order made in that respect on August 6, 1938, so far as the question of reinstatement is concerned, the case is moot. However, the court must determine whether or not the appellant is entitled to any salary after the date of the lay-off and until August 6, 1938, for if the lay-off was invalid, and if the claims now asserted by him are not barred under the provisions of section 14a of the Civil Service Act of 1913, he would have been entitled to reinstatement to his position during that period, and should now recover the amount of salary which would have accrued during that time. There is also the question as to his right to a vacation allowance.

Section 14a of the Civil Service Act of 1913, *supra,* which was in effect at the time of the lay-off order reads, in part, as follows: "Any action brought against the appointing power or the Civil Service Commission by an employee laid off must be brought and served within one year, but in the event of such action said employee can not be compensated for the time subsequent to the date of lay off unless such action is filed and served within ninety days from the date of lay off." (Note: Under article XXIV of the Constitution, adopted in 1934, the State Personnel Board succeeded to all the powers and duties of the State Civil Service Commission, which was abolished.)

The petitioner was laid off on July 1, 1937, but did not commence the present proceeding until May 8, 1938. However,

88

he contends that the limitation of ninety days imposed by section 14a is not applicable to his claim because on August 27, 1937, fifty-seven days after his lay-off, the Civil Service Act of 1913 was repealed and supplanted by the Civil Service Act of 1937. (Stats. 1937, ch. 753.) And since the section prescribing the period in which one may seek relief under the 1937 act specifically provides that ''any such cause of action or complaint or ground for issuance of any complaint or legal remedy or wrongs or grievances arising prior to the effective date of this act shall be exempt from the provisions of this section'' (§ 52), the period of limitation fixed by the new act does not apply to his claim. Therefore the only period of limitations applicable to his claim, he continues, is subdivision 1 of section 338 of the Code of Civil Procedure, which requires an action upon a liability created by statute to be brought within three years. As the present proceeding was commenced within the three-year period, concludes the petitioner, his cause of action for salary is not barred.

The question, then, is: What period of limitations is applicable to a cause of action already accrued at the time of the effective date of the 1937 act?

It is significant that section 52 of the 1937 act and section 14a of the earlier statute both prescribe the same period of limitation, namely, a one-year period with the qualification that the employee may not be compensated for the time subsequent to the date his cause of action accrued unless his action be filed and served within ninety days from that date. The only difference between the two sections is that section 52 is much broader in scope than section 14a, which applied only to lay-offs, whereas the 1937 section relates to all causes of action or grievances arising under or in relation to the civil service law of the state. Section 231 of the 1937 act provides that ''No action or proceeding commenced before this act takes effect and no right accrued, is affected by the provisions of this act, but all procedure thereafter taken therein shall conform to the provisions of this act so far as possible.''

Section 231 is not without ambiguity, as the first and last clauses are, to some extent, contradictory. A reasonable interpretation, however, requires a construction that all procedure taken subsequent to its effective date in any action or proceeding commenced before that date, or with respect to any right which accrued prior thereto, shall conform to the provisions of the new statute so far as may be possible without

affecting the substance of such accrued right. But, where the procedure thereafter taken cannot conform to the provisions of the 1937 act, then, said the Legislature, ''No action or proceeding commenced before this act takes effect and no right accrued, is affected by the provisions of this act,'' and the procedure existing under the former law applies to such action, proceeding or right.

Since section 14a and section 52 provide the same period of limitation for the petitioner's cause of action, the application of the new section does not effect any change in his rights, and but for the provision excepting from its operation causes of action arising before its enactment, section 231 would require him to comply with its terms. By express legislative fiat, the 1937 section on limitations shall not apply to a right accrued prior to the effective date of the new law; therefore such a right, according to section 231, shall be governed by the procedure existing under the former law. No reasonable basis, therefore, exists for the construction urged by the petitioner that the Legislature intended neither the limitations of the new act nor the former statute to apply, especially where, as in the present proceeding, the periods of limitation provided in both statutes are identical. Accordingly, the period of limitations prescribed in section 14a governs the right of the petitioner to compensation, and as the present proceeding was not filed within the ninety-day period specified, he has not stated a cause of action for salary accruing after July 1, 1937.

Concerning the appellant's right to an allowance for the period of vacation which he had accumulated at the time of his lay-off, the trial court was in error in concluding that his claim in this respect is barred by the provisions of section 14a of the Civil Service Act of 1913, *supra*. That section applies only to rights incident to a lay-off, and the time limitation therein imposed does not govern vacation claims. Furthermore, the right to vacation allowance is not given by that section but by sections 359c and 359d of the Political Code, and the applicable statute of limitation is section 338 of the Code of Civil Procedure, which declares that an action upon a liability created by statute must be brought within three years. The present proceeding was commenced within that time.

Prior to his lay-off petitioner had accumulated 24½ days vacation. Section 4 of rule 13 of the rules and regulations of the State Personnel Board provides: ''When an employee is

separated from the service and has not been granted his vacation, he shall be entitled to unused portions of vacation on the basis of one and one-quarter days for each month or major portion of a month of service from the first of the calendar year until the date of his separation, but not to exceed thirty working days.'' The respondents argue that under sections 359c and 359d of the Political Code, a person who is not in the service of the state cannot have a vacation. They point to language in these sections declaring that ''officers and employees of the State of California shall be entitled to a vacation.'' Since the appellant is no longer an employee of the state, they maintain, he is not entitled to a vacation, and section 4 of rule 13, being inconsistent with these code provisions, must be held invalid.

The applicable sections of the Political Code may not reasonably be so interpreted. They do not expressly or otherwise provide that an employee having the right to a vacation loses his right to compensation for that time upon being separated from the service. The rule and the code provisions are in complete harmony, and the appellant is entitled to the vacation allowance claimed by him unless he waived it by refusing to take a vacation before he was laid off. █ But as the respondents did not plead a defense of waiver in their answer, it is not now available to them. (*Wienke* v. *Smith*, 179 Cal. 220 [176 P. 42]; *Wood* v. *Jotham Bixby Co.*, 29 Cal.App.2d 294 [84 P.2d 204]; *Kadow* v. *City of Los Angeles*, 31 Cal.App.2d 324 [87 P.2d 906]; 25 Cal.Jur. 931.)

The judgment is reversed with directions to the trial court to issue a writ of mandate requiring the payment of the amount to which the appellant is entitled as salary for 24½ days accumulated vacation.

Shenk, J., Curtis, J., Carter, J., Traynor, J., Schauer, J. pro tem., concurred.

Gibson, C. J., did not participate herein.

Respondents' petition for a rehearing was denied November 27, 1942. Gibson, C. J., did not participate therein.