[L. A. No. 19600. In Bank. Apr. 4, 1946.]

ELIZABETH HATCH, Appellant, v. MARY F. WARD, as Chief Accounting Officer, etc., et al., Respondents.

Robert F. Shippee for Appellant.

James H. Phillips as Amicus Curiae on behalf of Appellant.

Robert W. Kenny, Attorney General, Walter L. Bowers, Assistant Attorney General, and R. C. McKellips, for Respondents.

SCHAUER, J.—Petitioner, a civil service employe of the State of California, appeals from a judgment which denies her petition for writ of mandate to compel payment of her salary for a period which is the equivalent of 90 working days. During such period (from August 1, 1943, through December 10, 1943) petitioner was necessarily absent from her regularly assigned duties in the Los Angeles office of the Industrial Accident Commission in order to care for her seriously ill mother. Prior to the occasion in question petitioner, under the provisions of rule 14a of the State Personnel Board (hereinafter quoted in material part), had during eight years of service to the state, without any absence on account of sick leave with pay, accumulated 96 days of such leave at the rate of 12 days' sick leave for each year of service. The State Personnel Board in conformity with the mentioned rule ordered that petitioner be allowed sick leave with pay for the specified period. Petitioner's appointing power, the Director

of Industrial Relations, has instructed respondent Ward, the Chief Accounting Officer of the Department of Industrial Relations, to issue no check for petitioner's salary for the 90-day period until petitioner's claim ''has been upheld by a competent court.'' In controversy is the validity of rule 14a of the State Personnel Board as it read in July, 1943. We have concluded that the rule was valid and that petitioner is entitled to the writ sought.

The more detailed factual basis of this proceeding, in essential particulars, is as follows: On July 28, 1943, respondent accounting officer informed petitioner that she had accumulated, as of July 16, 1943, 96 days of sick leave. Petitioner requested, and her appointing power refused to recommend, leave with pay for petitioner's necessary absence to care for her mother. On November 12, 1943, the appointing power reported that petitioner had been dismissed from her position. Petitioner duly appealed to the State Personnel Board from the actions of the appointing power. On February 11, 1944, the board ordered that petitioner be allowed 90 working days of sick leave and that she be reinstated in her position. On May 11, 1944, the board denied a petition of the appointing power for rehearing of petitioner's appeal. As heretofore stated, respondent accounting officer, under instruction of the appointing power, refuses to issue and deliver to petitioner a check for her salary for the period from August 1, 1943, through December 10, 1943. By a petition which alleges the facts above stated, petitioner sought mandate to compel respondent accounting officer to issue and deliver to petitioner a check upon the revolving pay-roll fund for such salary and to compel respondent Controller of the State of California to reimburse the revolving fund by warrant in favor thereof. The general demurrer of respondents to the petition was sustained without leave to amend upon the ground that the provisions of rule 14a here material were invalid.

Rule 14a provided for allowance and cumulation to a total of one hundred working days of sick leave with pay and further provided that ''Sick leave is hereby defined to mean the absence from duty of an . . . employee because of [stated grounds including] . . . attendance upon a member of his immediate family seriously ill and requiring the care or attendance of such employee.'' There was no limitation on the amount of accumulated leave with pay which might be granted in any particular circumstance.

Respondents challenge the validity of the rule on two main grounds. They first argue that the board was without power to adopt the portion of the rule above quoted. Their contentions in this regard are those of respondents in *Nelson* v. *Dean, ante,* p. 873 [168 P.2d 16], this day filed. For the reasons stated in our opinion in that case such contentions cannot be sustained.

By amendment of rule 14a on December 28, 1943 (i. e., after this controversy arose), it was provided "that five consecutive days of sick leave shall be the maximum sick leave for any single period that may be granted to an officer or employee for the care of members of his immediate family." Respondents' second ground of attack upon the rule is that, conceding its validity since such amendment, prior to the promulgation of the quoted five-day limitation the rule was unreasonable. The purposes of the 1937 Civil Service Act (Stats. 1937, ch. 753, p. 2085, as amended; Deering's Gen. Laws, 1937, Act 1404), as stated in section 1 thereof, included promotion of "economy and efficiency in the State service" and provision for a comprehensive personnel system wherein "The rights and interests of the State civil service employee are given consideration in so far as consistent with the best interests of the State" and "A high morale is developed among State civil service employees by providing adequately for leaves of absence, vacations, and other considerations for the general welfare of said employees." Respondents urge that the rule as it read at the time here material permitted consideration of the personal welfare of one in petitioner's situation to the detriment of the morale of fellow employes and the interests of the state.

We do not think it proper for us to hold, contrary to the implied finding of the personnel board, that the fact that an employe during his necessary absence for a period of 90 or 100 working days was paid his salary must have had the unfavorable effects on other employes and on the state asserted by respondents. As pointed out in *Nelson* v. *Dean, ante,* p. 873 [168 P.2d 16], such absence with pay for a lesser period can in proper circumstances be obviously beneficial to all concerned and not only permissible under, but an aid to carrying out, the purposes of the Civil Service Act. It is peculiarly the function of the board charged with administering the act to determine the maximum length of necessary absence with pay which is consistent with and in fur-

therance of the purposes of the act. The question of the number of days of sick leave which can be cumulated and allowed is one of those administrative details as to which, it is often pointed out, the courts should allow reasonable latitude. (See, e. g., *Monahan* v. *Dept. of Water & Power* (1941), 48 Cal. App.2d 746, 753 [120 P.2d 730]; *Stohl* v. *Horstmann* (1944), 64 Cal.App.2d 316, 323 [148 P.2d 697].)

■   As hereinbefore related, after this controversy first came before the board it amended the rule by adding the five-day limitation above quoted. Respondent Ward argues that the reasonableness of the rule as so changed shows that the rule prior to such amendment was, and was regarded by the State Personnel Board as, unreasonable. We cannot agree that the board's action in amending the rule has any such significance. It is to be expected, and it is a fundamental and desirable purpose of delegating rule-making power, that the board, as it gains experience in the practical operation of its rules, will from time to time amend such rules, better to effectuate the policies and purposes of the act. The rule prior to its amendment may, in the particular application now before us, have emphasized one purpose of the enabling act more than other purposes, but we do not think that it can be held that such rule necessarily excluded any other purpose, or contravened, enlarged, or limited any of the stated purposes. That respondents or the board or this court may be of the view that the rule as amended is better adapted to carry out the provisions of the act, is not material.

The judgment is reversed with directions to the trial court to issue its peremptory writ of mandate as prayed.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., and Spence, J., concurred.