[Sac. No. 7140.   In Bank.   Mar. 18, 1960.]

A. M. ADAMS et al., Appellants, v. THE CITY OF
MODESTO, Respondent.

Robert R. Elledge and Richard T. Tosaw for Appellants.

Allen Grimes, City Attorney, and Robert T. Anderson for Respondent.

SCHAUER, J.—Plaintiffs are present or former police officers of defendant city of Modesto.[1] They appeal from a judgment of dismissal following the sustaining without leave to amend of a demurrer to the first amended complaint in their action seeking payment in money for holidays worked and, as to two of such plaintiffs, for vacations accrued but not taken. We have concluded that those plaintiffs whose city employment has terminated and who filed timely claims under provisions of the city charter have stated a cause of action.

Plaintiffs agree, upon the authority of *Martin* v. *Henderson* (1953), 40 Cal.2d 583, 589 [255 P.2d 416], that were it not for two resolutions adopted by the city council of Modesto they would have no legal claim for the extra compensation they seek. The Martin case held that in the absence of statutory provision a public employe is not entitled to compensation for overtime worked.

The resolutions upon which plaintiffs rely were enacted on March 1, 1944, and provide as follows:[2]

No. 6133 N.S.: "every employee of the City of Modesto . . . shall be granted [12 named] holidays without loss of compensation in whatever capacity they may be employed; . . . When a holiday falls on Sunday, the following Monday shall be observed. . . ."

No. 6135 N.S.: "all regular and permanent employees of the City of Modesto . . . are hereby granted . . . two (2) weeks vacation each year without loss of compensation. . . ." Resolution No. 6135 N.S. also provides that "payments for vacations and allowed periods of absence shall be made from" certain specified funds.

The cause of action of each plaintiff is based on holidays worked, or (as to two plaintiffs) vacations not taken, from adoption of the resolutions on March 1, 1944, until July, 1951. Plaintiffs allege that the services rendered by them

---

[1] Although certain of the plaintiffs sue also upon assigned claims, for convenience the assignors are also called plaintiffs in this opinion.

[2] Section 24, article VII, of the 1910 Modesto city charter (Stats. 1911, pp. 1493 et seq.), which remained effective until adoption of a new charter in 1951 (Stats. 1951, pp. 4309 et seq.), vested the city council with all powers of legislation in municipal affairs adequate to a complete system of local government, and section 30 provided that the council "shall act only by ordinance or resolution."

Section 103 of the new (1951) charter continued in effect all lawful ordinances and resolutions until thereafter duly repealed, amended or superseded.

on the holidays and during the vacation time were so rendered "at the special instance and request of the defendant." During the March 1, 1944, through July 1, 1951, period there was no express provision of Modesto resolution, ordinance or charter authorizing compensatory time off or payment in money for holidays which employes were required to work or vacation time not taken. Since July, 1951, those plaintiffs who are still city employes have been granted compensatory time off for holidays worked.[3] As of the date of filing of the first amended complaint (January 3, 1958), six of the plaintiffs had terminated their employment with defendant city. One of the six (Pickering) also seeks pay for 10 weeks of unused vacation, at the rate of 2 weeks each for the years 1944 through 1948.

The following is a chronological account of the development of the relevant law in this state on the subject of payment of public employes for overtime, holidays worked, and vacations not taken:

*Nicholson* v. *Amar* (1935), 7 Cal.App.2d 290 [45 P.2d 697]: An employed official in the harbor department of the city of Los Angeles voluntarily and not by request of any city officer or department head took no vacation for several years, although section 426 of the city charter provided that (p. 291-292 [1]) "Every person who shall have been in the service of the city, continuously, for one year, shall be allowed a vacation of two weeks on full pay, annually." Upon leaving service and "after having been paid his salary in full, he claimed additional payment for the untaken vacation periods under a harbor board resolution which seems to provide that an employee may accumulate allowable vacations over an unlimited period of years and upon leaving the service get additional pay therefor." It was held that he "was employed under a fixed salary, and there is no charter or other legal provision for a double payment for any part of his services, and the resolution of the board was of no effect in such circumstances. . . . [2] The untaken vacations were waived, and no obligation fell upon the city." In view of plaintiffs' express allegations negativing waiver in the present case, the above holding would appear not to apply.

---

[3]Resolution No. 54-204, adopted July 1, 1954, provides that if an employe works on a holiday he shall receive one day of overtime credit; that employes shall be given compensatory time off for overtime credit; and that if an employe has accumulated overtime credit on termination of employment he shall be paid therefor.

*Pohle* v. *Christian* (1942), 21 Cal.2d 83 [130 P.2d 417]: A state civil service employe was laid off and his position abolished. He sought payment for 24½ accumulated vacation days. Former Political Code, sections 359c and 359d (now Gov. Code, §§ 18050-18052), provided that "each officer and employee of the State of California shall be entitled to a vacation of not to exceed fifteen days' duration . . . during each year of continuous service," and directed the state personnel board to "promulgate rules and regulations governing vacations . . . with pay." Section 4 of rule 13 of the board's rules and regulations provided (pp. 89-90 [4]) that "When an employee is separated from the service and has not been granted his vacation, he shall be entitled to unused portions of vacation . . . until the date of his separation, but not to exceed thirty working days." It was held (p. 90 [4]) that because the applicable sections of the Political Code "do not expressly or otherwise provide that an employee having the right to a vacation loses his right to compensation for that time upon being separated from the service" he is entitled to payment for unused vacation time (see also *Martin* v. *Henderson* (1953), *supra,* 40 Cal.2d 583, 588), and that "The rule and the code provisions are in complete harmony, and the appellant is entitled to the vacation allowance claimed by him unless he waived it by refusing to take a vacation before he was laid off. [5] But as the respondents did not plead a defense of waiver in their answer, it is not now available to them. [Citations.]" ▮▮▮ Although no such personnel rule is shown in the instant case, the Pohle decision supports the view that under Modesto resolution No. 6135 N.S. ("all . . . employees . . . are hereby granted . . . two (2) weeks vacation each year without loss of compensation") the one plaintiff (Pickering) whose employment with the city has terminated and who also seeks pay for accumulated vacation time (as distinguished from holidays worked), has stated a cause of action. Conversely, it appears that a cause of action has not yet accrued in favor of the other plaintiff (Sturm) who also seeks vacation pay but who remains in the city's employ.

*Martin* v. *Henderson* (1953), *supra,* 40 Cal.2d 583: Two state highway patrol officers after termination of their employment sought pay for overtime worked by them for which they had not received equivalent time off. (Whether the overtime included holidays worked does not appear.) This court emphasized (p. 589) that such a situation is "clearly dis-

tinguishable from the Pohle case [*Pohle* v. *Christian* (1942), *supra*, 21 Cal.2d 83], where the employee had a right granted by statute to a specified amount of vacation time," and (p. 590 [3]) that "The situation is in no way analogous to that in the Pohle case where the vacation was a matter of statutory right. The vacation was a period of time when no services could be required although compensation continued to be payable." The holding was (p. 590 [4]) that in the absence of a statutory provision therefor, there is no right to compensating time off for overtime hours worked or to payment for overtime, even though the highway patrol department had established normal hours of work and in some circumstances actually did grant compensating time off for overtime; that (p. 591 [7a]) since certain 1943 statutes did provide, but prospectively only, for a "comprehensive system of overtime computation and compensation," recovery could be had for overtime accumulated after the effective date of such statutes but not for that worked theretofore. The court pointed out, further, that (p. 590 [3]) "When the [public] employee is paid by time, as by the day, week, or month, rather than by the amount of work which he does, he is bound, in the absence of statute, to render services without regard to the number of hours worked," that (p. 590 [5]), "The terms and conditions of civil service employment are fixed by statute and not by contract. (Citations.)," and (p. 591 [8]) that the services performed by the two officers prior to the effective date of the 1943 statutes "were such as they were bound to render for their fixed monthly salaries." It was further held, however, (p. 592 [10]) that no cause of action to compel the payment of overtime claims accrued to the two employes prior to their separation from service, because until that date "they might have been given compensating time off whenever their departmental superiors deemed it convenient to the service. The petitioners had no legal remedy to compel their superiors to give them time off at any specific time, or at all. Only in the event uncompensated overtime remained upon their separation from service did a right accrue to them to compel action by the department."

*Jarvis* v. *Henderson* (1953), 40 Cal.2d 600 [255 P.2d 426] : Here another former state highway patrol officer sought pay not only for overtime hours of duty but for holidays worked prior to the effective date of the 1943 statutes providing for overtime computation and compensation. This court applied

the rules which had been held to govern in the *Martin* case, *supra*, and denied recovery. ■ With respect to holidays the following statements in the opinion are significant, however (pp. 606-607 [1, 3-6]) : "No statute or rule of the appointing authority authorized payment for either overtime or work on normal days off or *holidays* at any time . . . during the period for which compensation is being claimed. Even had there been such rule or understanding affecting members of the highway patrol, it would have been unenforceable. . . . [3] In the absence of a statute specifically authorizing compensation in addition to a fixed monthly salary, there is no right to payment for overtime. (*Martin* v. *Henderson, supra.*) [4] . . . The rule is equally applicable to work performed upon what otherwise would have been days off or holidays. [5] If time off is not granted by statute (*cf. Pohle* v. *Christian,* 21 Cal.2d 83, 90 [130 P.2d 417]), it is then included within the period for which the employee is being paid his salary and is time when he may be required to perform services.

"[6] The statutes enacted in 1943 providing for a normal work week and payment for overtime [citation] and in 1945 allowing time off on holidays or compensation therefor [citation] were not, and could not be, retroactive. [Citations.]"

We have discovered no state statute which, prior to 1945, expressly provided that state employes should be entitled to take any holidays whatever, although (as related in the Pohle case) there was a provision that each employe "shall be entitled to a vacation." (See Gov. Code, § 18025, added by Stats. 1945, ch. 1016, § 2, p. 1963; Gov. Code, § 6700, based on former Pol. Code, § 10, simply listing state holidays generally.) ■ The language of Modesto resolution No. 6133 N.S. declaring that every employe "shall be granted [12 named] holidays without loss of compensation" is thus closely analogous to that of the statute involved in the Pohle case, which was held to entitle a severed employe to recover pay for unused vacation time which he had not waived. It follows that plaintiffs here allege facts which as to this aspect of the case prima facie entitle them to recover for holidays worked.

*Tevis* v. *City & County of San Francisco* (1954), 43 Cal.2d 190, 195-196 [1-3b, 4] [272 P.2d 757] : It was here held that express provisions of a 1950 city charter amendment that "for all services rendered by employees during the calendar years 1948, 1949 and 1950 vacations shall be granted and paid," applied retroactively so as to entitle employes of those

years, whose city employment had terminated prior to the effective date of the amendment, to recover pay for untaken vacations for the fiscal year 1949-1950. The court declared (p. 195 [1]) that "the principal issue under the amendment . . . is whether it demonstrates an intent to allow the employees pay for vacation in connection with services performed prior to its effective date." Likewise, the principal issue under the provisions of the Modesto resolutions may be said to be whether they show an intent to allow city employes pay for vacation and holiday time expressly granted to them, but which, "at the special instance and request of the defendant" city, they failed to take.

*Pootel* v. *City & County of San Francisco* (1954), 125 Cal. App.2d 378 [270 P.2d 553] : A former city police officer sought pay for overtime hours worked both prior to and after the effective date of a 1944 charter amendment providing for such payment. Prior to 1944 the city charter contained no provision for payment in money for overtime worked in the police department, although there were department rules and regulations for giving compensating time off. The court stated (p. 381 [1-3]) that the issue was not whether anything in the charter forbade payment, but, rather, "the real question is, Is there anything in the charter or other law which *permitted* such payment?" prior to 1944. After so stating the issue the court held that because of the absence of either a valid contract or statute, there was no basis for recovery for overtime worked prior to the 1944 amendment, as the officer's annual salary was payment in full for all of his services, without regard to the number of hours which he worked. Neither vacations nor holidays appear to have been there involved.

As analogous to the subject issues we note the long-established principle that "all pension laws are liberally construed to carry out their beneficent policy" (*England* v. *City of Long Beach* (1945), 27 Cal.2d 343, 346-347 [1] [163 P.2d 865], and cases there cited; *Terry* v. *City of Berkeley* (1953), 41 Cal.2d 698, 702 [3] [263 P.2d 833]). This rule has been applied, among other situations, in construing language that specifies which employes shall be included within the pension statutes. (See *Knight* v. *Board etc. Employees' Retirement* (1948), 32 Cal.2d 400, 402-405 [1-3] [196 P.2d 547].)

Moreover, "one of the primary objectives in providing pensions for government employees . . . is to induce competent persons to enter and remain in public employment." (*Abbott* v. *City of Los Angeles* (1958), 50 Cal.2d 438, 455 [14a], 461

[14b] [326 P.2d 484], and cases there cited.) ■ And the granting of sick leave with pay is also held to be a reasonable means of promoting the efficiency, morale, and general welfare of public employes. (*Nelson* v. *Dean* (1946), 27 Cal.2d 873, 881-882 [4] [168 P.2d 16, 168 A.L.R. 467]; see also *Hatch* v. *Ward* (1946), 27 Cal.2d 883, 886 [1] [168 P.2d 22].) ■ Likewise, the granting of holiday and vacation rights (and the enforcement thereof by the courts if such granted rights have been withheld) is a reasonable and proper inducement to competent persons to enter and remain in public employment, to promote their efficiency and morale, and thereby to benefit the public they serve.

■ To recapitulate: Upon the authority of the cases above discussed we are persuaded that as to the six plaintiffs who are no longer in the employ of defendant city, the amended complaint states a cause of action for the recovery of pay for hours worked during both *vacations* (see *Pohle* v. *Christian* (1942), *supra,* 21 Cal.2d 83; *Martin* v. *Henderson* (1953), *supra,* 40 Cal.2d 583; *Tevis* v. *City & County of San Francisco* (1954), *supra,* 43 Cal.2d 190) and on *holidays* (see *Martin* v. *Henderson, supra; Jarvis* v. *Henderson* (1953), *supra,* 40 Cal.2d 600; *Tevis* v. *City & County of San Francisco, supra*) which the Modesto resolutions expressly "granted" to city employes during the periods here involved. However, as to those plaintiffs who remain in the employ of the city, the rule is that a cause of action accrues only upon separation from service, as in the meantime they may be given compensatory time off.

■ As one of the grounds of demurrer defendant city also pleaded that plaintiffs' claimed causes of action are barred by the three-year statute of limitations which under subdivision 1 of section 338 of the Code of Civil Procedure applies to statutory obligations. (See *Abbott* v. *City of Los Angeles* (1958), *supra,* 50 Cal.2d 438, 460 [20].) As related hereinabove, plaintiffs seek recovery for services rendered between March, 1944, and July 1, 1951. This action was filed on September 24, 1956. Inasmuch as a cause of action arises only upon termination of city employment, only six of the plaintiffs qualify, and the amended complaint shows that as to each of the six the termination date was less than three years before joining in the filing of this action. Consequently, their claims do not appear to be barred by the statute of limitations.

The same rule applies with respect to the 90-day claims provisions of section 1312 of the Modesto city charter, effective March 15, 1951 (Stats. 1957, p. 4332), upon which defendant city also relies. The amended complaint indicates that each of the plaintiffs filed a claim. Of the six plaintiffs who have alleged termination of employment only the claim of plaintiff Simms (filed on the 91st day after termination) appears clearly to have been too late.[4] With respect to plaintiff Pickering, the 90th day for the presentation of a claim fell on November 20, 1954, which was a Saturday. The record does not establish whether the office of the city manager, to whom the charter specifies that claims must be presented, was open for business on November 20, 1954. If it was not, then the claim was timely when filed on the following Monday, November 22 (Code Civ. Proc., §§ 12a, 12b). Thus it does not affirmatively appear that Pickering's claim is barred; hence the demurrer as to it was improperly sustained and final determination requires further proceedings in the trial court.

Finally, in *Abbott* v. *City of Los Angeles* (1958), *supra*, 50 Cal.2d 438, 461-462 [22-25], it was established that, contrary to defendant's contention, the equitable defense of laches is not available under the circumstances shown here.

The judgment of dismissal as against plaintiffs Finch, Pickering and Livingston and as against the claims of the plaintiff-assignors Maybe and McCumber is reversed; the judgment against the other plaintiffs is affirmed.

Gibson, C. J., Traynor, J., McComb, J., Peters, J., White, J., and Dooling, J. pro tem.,* concurred.

---

[4]Simms has made no contention that the time for filing his claim was extended by intervening holidays or for any other reason.

*Assigned by Chairman of Judicial Council.