HERNDON, J.
 

 This is an appeal by plaintiff from a judgment on the pleadings in favor of defendant City of Santa Barbara in an action brought by a former employee of the fire department seeking compensation for overtime work.
 

 A motion by defendant for a judgment on the pleadings operates as a demurrer to the complaint and if the complaint states a cause of action, it is error to grant the motion.
 
 (Dragna
 
 v.
 
 White,
 
 45 Cal.2d 469, 470 [289 P.2d 428].) As on demurrer, the defendant’s motion cannot be aided by reference to the answer or to matters outside the complaint.
 
 (Douglass
 
 v.
 
 Dahm,
 
 101 Cal.App.2d 125, 129 [224 P.2d 914];
 
 Uptown Enterprises
 
 v. Strand, 195 Cal.App.2d 45, 47 [15 Cal.Rptr. 486].)
 

 The complaint alleges that appellant was appointed a member of the Fire Department of the City of Santa Barbara on or about September 1, 1956, which position he held continuously thereafter until his resignation on October 9, 1959; that prior to January 9, 1958, the city council enacted ordinance No. 2638 and thereby “abrogated” section 15 of ordinance No. 2424 theretofore in effect. A copy of section 14 of ordinance No. 2638 is incorporated into the complaint. It reads as follows:
 

 “Work Week.
 
 Full time City Employees shall work a minimum of forty (40) hours per week. Work in excess of forty (40) hours per week must be authorized by the Department Head. Such overtime work shall be compensated for either by equivalent time off or by payment at straight time. Payment
 
 *306
 
 for overtime shall not be allowed without approval of the Chief Administrative Officer.
 

 “Members of the Police Department shall work a minimum of forty (40) hours per week and shall not be entitled to any pay for overtime.
 
 Department Heads, members of the Fire Department and temporary Beach Lifeguards shall not be entitled to any pay for
 
 overtime.” (Emphasis added.)
 

 Section 15 of “abrogated” ordinance No. 2424 is quoted in the complaint as follows: “Full-time City Employees shall work a minimum of forty hours per week and be paid straight time for overtime. This Section as to overtime shall not apply to department heads, temporary beach lifeguards, or members of the Fire Department who shall not be entitled to any pay for overtime. The members of the Police Department shall work a minimum of forty hours per week and shall not be entitled to any pay for overtime. ’ ’
 

 Appellant further alleges that pursuant to ordinance No. 2638, he is entitled to time off for overtime work in excess of 40 hours per week performed by him during the period from January 9, 1958, to October 9, 1959, when he resigned; that he was not granted time off; that during the said period he worked and was on duty a total of 3,012 hours overtime; that since he had resigned from the fire department and could not be compensated by being given equivalent time off, he filed his claim with the city clerk on January 4, 1960, demanding payment of $7,294.88, “which sum is a fair and reasonable one for the [said] overtime work . . . and is based on the rate of pay earned by the plaintiff during the period between January 9, 1958, and October 9, 1959”; that the defendant city has rejected and refused to pay said claim.
 

 The city filed its answer denying all the allegations of the complaint except the allegations that plaintiff was appointed a member of the fire department and continuously held the position during the period alleged, and that the verified claim which he filed with the city had been rejected. The city’s motion for judgment on the pleadings was granted.
 

 Appellant contends that his complaint states a cause of action arguing that ordinance No. 2638 requires that members of the fire department be compensated for work in excess of 40 hours per week by equivalent time off, and since at the time of his resignation he had not received the time off to which he was entitled, he now has a right to recover equivalent compensation in money. The city relies on the express provision of the ordinance that “Department Heads, members of
 
 *307
 
 the Fire Department and temporary Beach Lifeguards shall not be entitled to any pay for overtime.”
 

 Appellant argues that the differences in the provisions of ordinances 2424 and 2638 are such as to indicate that it was the legislative intent, in the enactment of the latter ordinance, to confer upon firemen the right to equivalent time off for time worked in excess of 40 hours. The presently effective ordinance provides that full-time city employees shall be compensated for overtime work by equivalent time off or by payment at straight time. The earlier ordinance provided only the latter compensation. It is to be observed that both ordinances provide that “full time City Employees shall work a minimum of forty (40) hours per week.”
 

 Ordinance 2424 provided: “This Section as to overtime shall not apply to department heads, temporary beach lifeguards, or members of the Fire Department who shall not be entitled to any pay for overtime.” As we have observed, ordinance 2638 provides that “. . .
 
 members of the Fire Department .
 
 . . shall not be entitled to any pay for overtime.” (Emphasis added.) Appellant argues that this latter provision of 2638, read with the provision in the first paragraph of the ordinance that “overtime work shall be compensated for either by equivalent time off or by payment at straight time” must be construed to give firemen the right to equivalent time off for overtime and to deny them
 
 only
 
 the right to cash payment for such overtime work.
 

 Appellant relies primarily upon the recent decision in
 
 Adams
 
 v.
 
 City of Modesto,
 
 53 Cal.2d 833 [3 Cal.Rptr. 561, 350 P.2d 529], in support of his argument that, since he had not received the time off to which he claims he was entitled at the time he resigned, he is now entitled to recover equivalent compensation in money. In the cited case, it appears that the council of the City of Modesto had passed resolutions providing that every employee of the city should be granted two weeks vacation without loss and 12 named holidays without loss of compensation. The court held that members of the police department were entitled to pay in lieu of time off after they were no longer employed by the city. Manifestly, the' ease is not in point and does not support appellant’s position.
 

 We have considered the arguments of appellant in respect to the changes in the language of the subsequent enactment and it is our conclusion that it clearly was not the intent of the later ordinance to change the existing rule that firemen were not entitled to compensation for overtime. Department heads,
 
 *308
 
 members of the fire department and temporary beach lifeguards are clearly excluded from the provisions for overtime pay to city employees.
 

 The reasons for this separate grouping appear obvious. The duties of department heads are supervisory and the hours that it may be necessary for them to work therefore may depend upon the exigencies which may arise. Likewise, the hours of a fireman’s work in the prevention and fighting of fires are determined by the irregular and uncertain demands which obviously inhere in the nature of the work. In view of the clear, unequivocal and express mandate that members of the fire department shall not be entitled to any pay for overtime, we cannot read into the ordinance the strained and tenuous construction urged by appellant.
 

 The construction to be given a statute or a municipal ordinance generally is a question of law.
 
 (Neuber
 
 v.
 
 Royal Realty Co.,
 
 86 Cal.App.2d 596, 622 [195 P.2d 501];
 
 Reid & Sibell, Inc.
 
 v.
 
 Gilmore & Edwards Co.,
 
 134 Cal.App.2d 60, 72 [285 P.2d 364].) Where the language of a statute or a municipal ordinance is clear, explicit and wholly unambiguous, there is no problem of construction.
 
 (In re Maki,
 
 56 Cal.App.2d 635 [133 P.2d 64].)
 

 In
 
 Pootel
 
 v.
 
 City & County of San Francisco,
 
 125 Cal.App.2d 378 [270 P.2d 553], a former city police officer sought pay for overtime hours worked both before and after the effective date of a 1944 charter amendment providing for such payment. Before the amendment of the charter, there was no provision in the city charter for payment for overtime worked although the police department permitted compensating time off. It was held that in the absence of either a valid contract or statute, there was no basis for recovery for overtime worked prior to the amendment. The court said (at p. 381) : “His annual salary was payment in full for all of his services, without regard to the number of hours which he worked.”
 

 Jarvis
 
 v.
 
 Henderson,
 
 40 Cal.2d 600 [255 P.2d 426], at pages 606-607: “In the absence of a statute specifically authorizing compensation in addition to a fixed monthly salary, there is no right to payment for overtime.
 
 (Martin
 
 v.
 
 Henderson, supra
 
 [40 Cal.2d 583 (255 P.2d 416)].)
 

 When the salary is fixed by time, as by the day or month, the employee is bound, in the absence of statute, to render services without regard to the number of hours worked.
 
 (Robinson
 
 v.
 
 Dunn,
 
 77 Cal. 473 [19 P. 878, 11 Am.St.Rep. 297].) The rule is equally applicable to work performed upon
 
 *309
 
 what otherwise would have been days off or holidays. If time off is not granted by statute (cf.
 
 Pohle
 
 v.
 
 Christian,
 
 21 Cal.2d 83, 90 [130 P.2d 417]), it is then included within the period for which the employee is being paid his salary and is time when he may be required to perform services.”
 

 In view of our conclusion that the ordinance clearly does not authorize overtime compensation either in equivalent time off or in money to a member of the fire department, we hold the complaint is insufficient because it shows on its face that appellant is not entitled to a recovery. Accordingly, it is unnecessary for us to consider respondent’s other contentions that the complaint is fatally defective.
 

 The judgment is affirmed.
 

 Fox, P. J., and Ashburn, J., concurred.