Michael CONWAY, Plaintiff and Appellant,

v.

BOARD OF COUNTY COMMISSIONERS OF GRAND FORKS COUNTY, NORTH DAKOTA, Defendant and Appellee.

Civ. No. 10585.

Supreme Court of North Dakota.

May 31, 1984.

Olson & Engen, Grand Forks, for plaintiff and appellant; argued by David A. Engen.

Robert A. Alphson, Grand Forks, for defendant and appellee.

GIERKE, Justice.

Michael Conway, a former deputy sheriff for Grand Forks County, filed a claim with the Board of County Commissioners (Board) to receive payment for 839.34 hours of compensatory time which he asserts that he had earned but was not allowed to use prior to the termination of his employment with the county. The Board denied Conway's request, and the district court, on an appeal by Conway, entered a judgment affirming the Board's decision. We reverse and remand.

The Board on April 10, 1979, by resolution, authorized county deputy sheriffs to earn compensatory time when on standby or on-call status:

"IT IS FURTHER RESOLVED that compensation be afforded for standby call or on-call status for all field deputies and jailers on the basis of one hour compensatory time for each three hours of standby or actual call time. Actual time served on duty while on-call shall be computed on the basis of one hour compensatory time for each hour actually served on duty while on-call. Said standby or call provision as stated above, shall be effective as of April 3, 1979."

Conway asserts that although he earned 944.34 hours of compensatory time under the foregoing provision he was only allowed to use 105 hours of his earned compensatory time prior to his voluntary termination of employment with the county on August 31, 1981. Conway asserts that on numerous occasions he requested permission from his superior officers to use compensatory time but that many of his requests were denied "due to manpower shortages and the everyday needs of the Grand Forks County Sheriff's Department." That assertion is verified by Conway's superior officers and is not disputed by the Board.

Conway appealed from the Board's decision to the district court pursuant to Section 11–11–39, N.D.C.C., which provides in relevant part:

"11–11–39. *Appeal from decision of board by aggrieved person—Bond—Costs and fees payable.* An appeal may be taken to the district court from any decision of the board of county commissioners by any aggrieved person."

The district court entered a judgment affirming the Board's decision from which Conway has filed this appeal with this Court.

On appeal, Conway has raised three issues:

"1. Whether the Board of County Commissioners acted arbitrarily, capriciously or unreasonably in denying Mr. Michael Conway's request for monetary compensation for standby and on-call time accrued while working for the County as a field deputy.

"2. Whether the denial of compensation to Michael Conway constitutes unjust enrichment to the County of Grand Forks.

"3. Whether the Supreme Court may determine the amount of monetary compensation that the County of Grand Forks owes to Michael Conway."

■ On an appeal from a decision of the district court through which it has reviewed a decision of a board of county commissioners, it is the function of this Court to independently determine the propriety of the Board's decision without according any special deference to the district court's review. *Shaw v. Burleigh County*, 286 N.W.2d 792 (N.D.1979).

■ Although we do not substitute our judgment for that of the Board, it is our function to determine whether or not the Board's action comports with a correct interpretation of the law and whether or not the Board has acted in an arbitrary, capricious, or unreasonable manner. *See, Shaw v. Burleigh County*, 286 N.W.2d 792 (N.D. 1979); *Appeal of Johnson*, 173 N.W.2d 475 (N.D.1970).

■ It is undisputed that the 1979 resolution is a valid action of the Board which is the result of contract negotiations between the Board and the county deputy sheriffs. As such, it constitutes a duly promulgated and binding element of the county's contractual employment relationship with Conway for which the Board must be held accountable. *See, Hammond v. North Dakota State Personnel Board*, 345 N.W.2d 359 (N.D.1984). Having committed itself, under the resolution, to provide compensatory time to deputy sheriffs on a one-to-three basis for standby or on-call service rendered, the Board incurred a legal duty to honor that commitment as an integral part of its employment relationship with Conway.

■ We agree with the following rationale of the Missouri Court of Appeals in *Bruce v. City of St. Louis*, 217 S.W.2d 744 (Mo.Ct.App.1949), in upholding a public employee's right to recover pay for unused compensatory time earned by working overtime hours:

"The city says, however, that Section three, which covers compensatory time off, makes no mention of pay. Suffice it to say that unless the employee received his pay, the time off would not be compensatory. The city also suggests that nowhere is compensatory time off on dismissal mentioned. It is obviously the recorded overtime which warrants the allowance of compensatory time off, and if a particular employee has such recorded overtime to his credit, there is nothing in the ordinance which denies him the compensatory time off which he has already earned merely because he is dismissed or his service otherwise terminated." 217 S.W.2d at 748.

*See also, Adams v. City of Modesto*, 53 Cal.2d 833, 350 P.2d 529, 3 Cal.Rptr. 561 (1960).

We conclude that under the facts of this case the Board's decision, denying Conway's claim, constituted an arbitrary and unreasonable denial of Conway's rights under the resolution. When Conway was denied, on numerous occasions, his right to use earned compensatory time, his right under the resolution to receive compensatory time was breached. For that breach Conway is entitled, by way of damages, to monetary compensation for the unused compensatory time that he had earned.

The question is not before us, and we do not decide today, whether or not a deputy sheriff would be entitled, upon termination of his employment, to monetary compensa-

tion in lieu of unused compensatory time where the employee did not request and was not denied the use of earned compensatory time through any action or decision of his superiors acting on the county's behalf.

Having concluded that Conway is entitled to damages for the breach of his right to compensatory time under the resolution, it is unnecessary to discuss his request for damages under a theory of unjust enrichment.

Although Conway has asked this Court to determine the amount of compensation to which he is entitled, we conclude that we are unable to do so on the record before us. The Board does not agree with the number of compensatory hours or the hourly wage equivalents that have been submitted by Conway for compensation. The district court made no determination with regard to those matters because of its decision that Conway was not entitled to monetary compensation.

In accordance with this opinion, the judgment is reversed and the case remanded to the district court for further remand to the Board of County Commissioners for proceedings consistent with this opinion.

ERICKSTAD, C.J., and SAND, J., concur.

PEDERSON, Justice, concurring specially.

I concur in the result. The Legislature has created some confusion when it authorizes "appeals" from *any determination* of a board of county commissioners (§ 11–11–39, NDCC). The determination of contractual rights and the application of equitable principles are judicial functions. This case must be returned to the district court so that it can be tried like any contract dispute. The rules which apply to a judicial review of an administrative determination have no application here. See *Williams Electric Coop. v. Montana-Dakota Utilities Co.*, 79 N.W.2d 508 (N.D.1956), and 73 CJS Public Administrative Law and Procedure § 66.

SAND, Justice, concurring specially.

I am specially concurring for the purpose of making appropriate additional comments.

The rationale expressed in *Aasmundstad v. Dickinson State College*, 337 N.W.2d 792 (N.D.1983), to a degree applies here particularly on the basis that Conway was substantially denied the opportunity to use compensatory time which was allowed and provided for by the policy adopted by the County Commissioners.

If Conway had not been denied the taking of compensatory leave when he requested it, I would agree with the dissent of Justice VandeWalle.

I also share some of the concern expressed in Justice Pederson's concurring opinion regarding the statutory provisions pertaining to "appeals." The statutory provision probably was well intended but it is not accomplishing its purpose. An appeal de novo, without a record, is virtually an impossibility. Conceivably, the Legislature had in mind "anew" (trial anew) when it used the expression "shall be *heard* and determined de novo." North Dakota Century Code § 11–11–43 has its roots in Ch. 21, 1877 Session Laws. The situation as it exists is that the County Commissioners do not and did not make a record of the proceedings before it. The appeal de novo to the district court without a record puts the district court in a difficult position. The district court is to admit evidence and consider the evidence which is comparable to the material presented to the County Commissioners. See *Shaw v. Burleigh County*, 286 N.W.2d 792 (N.D.1979). To a degree this develops a certain amount of speculation. What is the trial court to do if one of the parties objects to the admission of certain evidence as not having been evidence submitted to the County Commissioners? Should the trial court put a hold on the trial and remand it to the County Commissioners to consider the evidence and then wait for the County Commissioners to make their decision? This can create quite a problem and I would, for this rea-

son, recommend to the Legislature that this be changed.

In my opinion, Conway could have easily proceeded against the County Commissioners by an action on contract and it would have eliminated some of the problems with reference to the record made, or not made, or should have been made, etc.

VANDE WALLE, Justice, dissenting.

If the County were required by law to have a compensatory time policy I might agree with the majority opinion. However, although the majority opinion does not so state, it is apparently conceded that the County is not required to adopt any policy providing for compensatory time. Thus it appears to me that the effect of the majority opinion is to hold that if the County is to adopt such a policy it must do so with the provisions that we believe should be contained in such a policy. I cannot agree that it is our function to rewrite policies of the boards of county commissioners so that they contain provisions we might favor. Nor is it our function to substitute our judgment for that of the county commissioners.

The majority opinion apparently relies on the case of *Bruce v. City of St. Louis*, 217 S.W.2d 744 (Mo.Ct.App.1949), which rather simplistically concluded that a policy which provides for compensatory time off for working overtime hours is not in fact compensatory unless it also provides for payment for such hours if compensatory time is not taken. The court in that case is subject to the same criticism I have of the majority opinion—i.e., that the court concluded the city must enact a policy to the liking of the court. That is not, of course, the standard by which we are to judge the case. An ideal policy would provide for compensatory time and, if that time could not be taken, the policy would provide for payment. However, we are not to assure that the County adopt an ideal policy. That is a legislative function left to the County.

Furthermore, the majority opinion raises many unanswered questions. Must the County pay the employee if he is not permitted to take the compensatory time at his first request and if he subsequently resigns or his employment is terminated? Or does the County have a reasonable time in which to allow the compensatory time after the employee makes a request for compensatory time? The majority opinion states that the court does not decide whether or not a deputy sheriff would be entitled, upon termination of his employment, to monetary compensation in lieu of unused compensatory time where the employee did not request and was not denied the use of earned compensatory time through any action or decision of his superiors acting on the County's behalf. However, these are all matters which would most probably be included in a policy if the policy were intended to permit payment for unused compensatory time.

I believe the majority opinion usurps the legislative authority of the board of county commissioners in attempting to rewrite the policy according to the majority's image of what a fair and equitable policy should be. But because the policy, as written, never authorized payment for compensatory time, Conway's right to compensatory time was not breached. If the facts indicated that the County purposely refused to grant compensatory time in order to deprive Conway of his right to compensatory time, I would reach a different result. There is no allegation that the County did so and it is apparently conceded that it did not do so.

It would be ideal if the County would adopt a policy such as that urged by Conway. It did not, and I do not believe this court can supply the provisions Conway desires. There are many factors which must be considered in adopting such a policy. I do not know that the County would have adopted such a policy if it were required to pay for unused compensatory time. Because the County is not required to have any policy I cannot agree that if it adopts a policy it must also provide for payment of unused compensatory time upon termination of employment.