165 Cal.App.3d 694 (1985)
211 Cal. Rptr. 653
CALIFORNIA SCHOOL EMPLOYEES ASSOCIATION et al., Plaintiffs and Appellants,
v.
COMPTON UNIFIED SCHOOL DISTRICT et al., Defendants and Respondents.
Docket No. B005999.
Court of Appeals of California, Second District, Division Seven.
March 14, 1985.
*696 COUNSEL
Peter A. Janiak, Madalyn J. Frazzini, E. Luis Saenz, Marcia L. Meyers, Marci B. Seville, William C. Heath, Harry J. Gibbons, Jr., and Maureen C. Whelan for Plaintiffs and Appellants.
Melanie E. Lomax for Defendants and Respondents.
*697 OPINION
THOMPSON, J.
Petitioners, California School Employees Association, Troy Smith, and Kimberly Barney, appeal from a judgment denying their petition for a writ of mandate wherein petitioners sought to compel respondent, the Compton Unified School District (District), to set aside its decisions terminating the employment of Smith as a campus security representative and the employment of Barney as an account clerk, two classified employees of the District, and to compel the District to reinstate them with full backpay and benefits.
The fundamental question posed by this appeal is whether the District failed to follow the mandatory dismissal procedures provided for in the Education Code[1] in terminating Smith and Barney as probationary employees.
(1a) We conclude that rule 60.100.1 of the District is contrary to section 45301 and therefore void to the extent that it does not include holidays and vacation time in the computation of the probationary period of a classified employee. Accordingly, we hold that Smith and Barney were permanent classified employees at the time of their termination and therefore improperly dismissed, requiring the judgment to be reversed.

FACTS
The basic facts are not in dispute. Smith commenced his employment with the District as a campus security representative on October 12, 1981. His employment was terminated by the District on April 28, 1982, after he had completed a total of 119 1/2 actual days of work. Prior to his termination, he was paid for nine holidays and took four paid vacation days, which were added to his probationary period under rule 60.100.1 of the personnel commission of the District, thereby extending his probationary period by thirteen days. In May 1982, Smith, taking the position that he had completed his probationary period, requested the District to provide him with an appeal hearing before the personnel commission of the District in accordance with the rules for permanent employees. However, the District took the position that section 45301, upon which rule 60.100.1 was promulgated, requires 130 actual days at work, and on May 25, 1982, by letter, the District refused Smith's request for an appeal hearing.
Barney commenced her employment with the District on January 27, 1982, as an account clerk. She was at work a total of 125 days. She was *698 also paid for six holidays. Subsequently, on August 11, 1982, the District, taking the position that her probationary period was to end on August 18, 1982, notified her by letter of her immediate suspension from employment without pay, pending her termination by the District's governing board. Barney's request to appear before the governing board was denied. Subsequently, on August 31, 1982, the District through its governing board terminated Barney's employment with the District.
The Compton Unified School District is a merit system. The Education Code rules applying to a merit school district are set forth in sections 45240 through 45320. The probationary period for classified employees of a merit system school district is set forth in section 45301. That section provides: "A person who has served an initial probationary period in a class not to exceed six months or 130 days of paid service, whichever is longer, as prescribed by the rules of the commission shall be deemed to be in the permanent classified service, except that the commission may establish a probationary period in a class not to exceed one year for classes designated by the commission as executive, administrative, or police classes. No employee shall attain permanent status in the classified service until he has completed a probationary period in a class. In any case the rules of the commission may provide for the exclusion of time while employees are on a leave of absence. The rights of appeal from disciplinary action prior to attainment of permanent status in the classified service shall be in accordance with the provisions of Section 45305." The personnel commission of the District has not designated the position of account clerk or campus security representative as executive, administrative or fitting a police class.
Rule 60.100.1 of the personnel commission of the District, which is entitled "Duration of Probation (Education Code Section 45301)" and governs the probationary period for classified employees, provides in part: "(a) A new employee appointed from an eligibility list shall serve a probationary period of ... (6 months) or (130 actual days at work) ... whatever is the longer period, excluding all paid and unpaid leaves of absence, in one class before attaining permanency in the classified service...."
At the hearing on the petition for writ of mandate, the petitioners argued to the trial court that the term "130 days of paid service" contained in section 45301, includes paid vacation days and holidays, that to the extent rule 60.100.1 of the District is contrary to section 45301 it is void and that Smith and Barney were at the time of their termination permanent classified employees of the District, entitled to certain statutory rights of due process provided to permanent employees. The District contended that the term "paid service" means actual working time, which does not include vacation *699 or holiday time, that rule 60.100.1 comports with section 45301, and that petitioners were properly terminated.
After the matter was submitted for decision, the trial court ruled in favor of the District and denied the petition, finding that (1) there was no ambiguity in section 45301 requiring a judicial interpretation or construction, but rather its purpose contemplated an opportunity to evaluate the probationary employee on the job, which could only be done while the employee was at work; (2) this reasoning does no violence to any other related section of the Education Code and is consistent with section 45301 which provides for two time periods  one which is a calendar period of "six months" and the second of "130 days of paid service, whichever is longer"; the rules and regulations of the personnel commission of the District comply with section 45301; and neither petitioner had worked 130 days prior to notice of termination nor completed "130 days of paid service." Thereafter, judgment denying the peremptory writ of mandate was entered and this appeal followed.

DISCUSSION
(2) The District takes the position that the trial court's construction of section 45301 must stand, since the trial court found that the statute is clear, unambiguous, and required 130 days of actual service. The District misinterprets the function of this court in the instant case. Although a decision of the trial court will be reversed only if it is based on an erroneous conclusion of law, where, as here, the facts are not in conflict and the issue involves the proper application of a statute or administrative regulation, a reviewing court is not bound by the trial court's determination. (Shoban v. Board of Trustees (1969) 276 Cal. App.2d 534, 541 [81 Cal. Rptr. 112].) Here, we are called upon to construe and apply section 45301.
We have neither been directed to, nor have we found, any reports of the Legislature which would provide a clue to the legislative intent behind section 45301. (3) The parties appear to agree, and it is our view based on decisional treatment of statutes providing for a probationary period, that the object and purpose of such statutes, such as section 45301, is to provide the appointive power "with a reasonable opportunity to observe and evaluate an employee's performance on the job before according him or her the status of a permanent employee." (Randolph v. City of Los Angeles (1977) 67 Cal. App.3d 201, 205 [136 Cal. Rptr. 543], disapproved on other grounds in Judson Steel Corp. v. Workers' Comp. Appeals Bd. (1978) 22 Cal.3d 658, 667, fn. 7 [150 Cal. Rptr. 250, 586 P.2d 564]; see also, Wiles v. State Personnel Board (1942) 19 Cal.2d 344, 347-348 [121 P.2d 673]; Santillano *700 v. State Personnel Bd. (1981) 117 Cal. App.3d 620, 624 [173 Cal. Rptr. 1].) The parties disagree, however, on whether the probationary period  the time necessary for observance and evaluation of new employees  can include vacation time and holidays under section 45301.

I
Petitioners contend that the phrase "130 days of paid service" contained in section 45301 merely means that the probationer must be in "paid status" in classified for 130 days, and that "paid status" means on the payroll, which includes vacation time and paid holidays. The District argues, however, that the phrase "130 days of paid service" means 130 working days and that there is no basis for applying rules of statutory construction to overcome the plain meaning of the statute. Neither vacation nor holiday time, the District argues, falls within the definition of "paid service" because no service is being rendered to the District at those times. We find, however, that the questioned words of section 45301 are ambiguous and fairly susceptible to both of the constructions suggested by the parties. We must therefore seek, if possible, to determine the meaning of these questioned words, keeping in the mind the purpose of the statute.
Certain general principles of statutory construction to aid us in our task are well established. (4) "We begin with the fundamental rule that a court `should ascertain the intent of the Legislature so as to effectuate the purpose of the law.' [Citation.] In determining such intent `[t]he court turns first to the words themselves for the answer.' [Citation.] We are required to give effect to statutes `according to the usual, ordinary import of the language employed in framing them.' [Citations.] `If possible, significance should be given to every word, phrase, sentence and part of an act in pursuance of the legislative purpose.' [citation]; `a construction making some words surplusage is to be avoided.' [Citation.] `When used in a statute [words] must be construed in context, keeping in mind the nature and obvious purpose of the statute where they appear.' [Citations.] Moreover, the various parts of a statutory enactment must be harmonized by considering the particular clause or section in the context of the statutory framework as a whole. [Citations.]" (Moyer v. Workmen's Comp. Appeals Bd. (1973) 10 Cal.3d 222, 230-231 [110 Cal. Rptr. 144, 514 P.2d 1224]; see also, Palos Verdes Faculty Assn. v. Palos Verdes Peninsula Unified Sch. Dist. (1978) 21 Cal.3d 650, 658-659 [147 Cal. Rptr. 359, 580 P.2d 1155].)
Classified employees, including probationers, are not only paid for days on which they are at work, but also for holidays and vacation days. Each of these time periods is a matter of statutory right.
*701 Under section 45203, all probationary or permanent classified employees are entitled to certain designated holidays with pay, provided they are in a "paid status" during any portion of the working day immediately preceding or succeeding the holiday. Moreover, where the employee works the designated holiday, section 45203 provides that "he or she shall be paid compensation, or given compensating time off, for such work, in addition to the regular pay received for the holiday, at the rate of time and one-half the employee's regular rate of pay." Also, under the provisions of section 45197, subdivision (a), such an employee is entitled to five-sixths of a day of paid vacation time for each month in which the employee is in "paid status" and may, under subdivision (d) thereof, with the approval of the employer, take such vacation time at any time during the school year. The purposes of these statutory rights are spelled out in Adams v. City of Modesto (1960) 53 Cal.2d 833, 841 [3 Cal. Rptr. 561, 350 P.2d 529], where our Supreme Court said, "... [T]he granting of holiday and vacation rights ... is a reasonable and proper inducement to competent persons to enter and remain in public employment, to promote their efficiency and morale, and thereby to benefit the public they serve."
(1b) Applying the foregoing rules of statutory construction, we hold that "paid service" means the time period in which a classified employee is in "paid status," that is, is paid for a particular day due to work, vacation time, or a statutorily designated holiday. Such a construction harmonizes the purposes of section 45301 and the sections providing for vacation time and paid holidays without unreasonably reducing the time necessary for observance and evaluation of new employees. (See, e.g., Randolph v. City of Los Angeles, supra, 67 Cal. App.3d at p. 206.) Section 45203 sets forth the designated holidays for classified employees, which are few in number for any six-month period. And under section 45197, subdivision (d), the District controls the taking of vacation time because an employee can only take a vacation with the approval of the employer.
In contrast, the District does not control authorized leaves of absence from work such as those due to illness (§ 45191), industrial accident (§ 45192), or pregnancy (§ 45193). In these situations, section 45301 provides that, in computing the probationary period, the personnel commission "may provide for the exclusion of time while employees are on a leave of absence." Our construction of section 45301 to include holidays and vacation time in the computation of the probationary period gives significance to this provision. Were we to construe the statute to require 130 working days, as the District urges, this provision would become surplusage, since, under the terms of the applicable statute, a "leave of absence" does not include either holidays or vacation time.
*702 In addition to the foregoing general rules of statutory construction, we turn for help to the basic rule "that sections of the Education Code bearing on the same subject must be read and construed together where possible [citations]." (Certificated Employees Council v. Monterey Peninsula Unified Sch. Dist. (1974) 42 Cal. App.3d 328, 333 [116 Cal. Rptr. 819].) The term "service" is used in section 45308. That section provides a scheme for layoff of classified employees based on "length of service" and, for purposes of that section, defines "length of service" to mean all hours in "paid status," whether during the school year, a holiday, recess, or during any period that a school is in session or closed, but does not include any hours compensated solely on an overtime basis as provided in section 45128. Our construction of section 45301 is in harmony with this definition of "length of service."

II
Petitioners further contend that rule 60.100.1 of the District, which provides a classified employee shall serve a probationary period of 130 actual days at work before attaining permanency, is contrary to section 45301 and therefore void.
We agree. It appears that the personnel commission interpreted the phrase "130 days of paid service" contained in section 45301 to mean 130 actual days at work. We hold that, to the extent this rule does not include vacation time and paid holidays in the computation of the probationary period of a classified employee, it is contrary to section 45301 and therefore void. (See California Sch. Employees Assn. v. Personnel Commission (1970) 3 Cal.3d 139, 143-144 [89 Cal. Rptr. 620, 474 P.2d 436].) An administrative agency has no authority to enact rules or regulations which alter or enlarge the terms of legislative enactments. (Ibid.)

III
(5) Finally, petitioners contend that Smith and Barney were permanent employees at the time of their dismissal and that the District did not comply with the statutory method of dismissal. We agree.
In the instant case, the parties agree that, prior to his dismissal, Smith had completed a total of 119 1/2 actual days of work. He was also paid for nine holidays and took four paid vacation days. The parties further agree that Barney was at work a total of 125 days, and had been paid for 6 holidays prior to her dismissal.
*703 It is clear from this record that Smith and Barney were permanent employees of the District at the time of their dismissal. As permanent classified employees, each of them was entitled to notice, a hearing and could only be discharged for cause, pursuant to sections 45302, 45303, 45304, and 45305. (See Wiles v. State Personnel Board, supra, 19 Cal.2d 344, 351-352; Currieri v. City of Roseville (1970) 4 Cal. App.3d 997, 1001 [84 Cal. Rptr. 615].) The record discloses that none of these rights were provided to these employees by the District. We conclude therefore that Smith and Barney were improperly terminated by the District.
(6) The District takes the position that Smith and Barney are estopped from challenging rule 60.100.1 of the District, because they accepted employment with the District based on this rule, and the District hired them in reliance on these employees abiding by this rule. We find this argument without any merit. As petitioners correctly point out, if this were the law, no employee could ever challenge a rule. (See, e.g., California Sch. Employees Assn. v. Personnel Commission, supra, 3 Cal.3d at p. 143.)

CONCLUSION
Accordingly, the judgment is reversed. The trial court is directed to issue a peremptory writ of mandate ordering the District to set aside its decision terminating petitioners Smith and Barney, and to restore each of them to the position held at the time of termination, with full backpay and benefits from the time of such dismissal, less any sums received by each petitioner as salary from employment subsequent to his/her termination. The trial court is further directed to conduct appropriate proceedings to determine the amount of such lost compensation and to determine whether reasonable attorneys' fees should be awarded petitioners. Petitioners shall recover their costs of suit in the trial court and their costs on this appeal.
Lillie, P.J., and Johnson, J., concurred.
NOTES
[1] Unless otherwise indicated, all statutory references are to the Education Code.