[No. H034866. Sixth Dist. Mar. 15, 2011.]

CALIFORNIA SCHOOL EMPLOYEES ASSOCIATION et al., Plaintiffs and Appellants, v.
GOVERNING BOARD OF THE EAST SIDE UNION HIGH SCHOOL DISTRICT et al., Defendants and Respondents.

**COUNSEL**

Michael R. Clancy and Maureen Claire Whelan for Plaintiffs and Appellants.

Davis & Young, Mark E. Davis and Matthew Tamel for Defendants and Respondents.

OPINION

**MIHARA, J.**—Appellant Bernice Singer and her labor union, appellant California School Employees Association (CSEA), appeal from the trial court's denial of their mandate petition. They contend that a classified employee of a nonmerit system school district[1] who attains permanent status and then is laid off from her position and thereafter reemployed by the district in a different, lower position retains her permanent status and may not be required to serve a probationary period in the new position. We conclude that the statutory scheme does not support their contention. We hold that such an employee's permanent status is restricted to the position or class in which it was attained and is not retained when the employee is reemployed in a different, lower position.

## I. Background

Singer became employed by the East Side Union High School District (the District) in a school-community liaison (SCL) position in November 1989. The SCL position was a year-round position that was paid at range 18 on the District's salary schedule. Singer served a six-month probationary period and became a permanent employee in May 1990. In March 2008, the District decided to eliminate all of its SCL positions due to lack of funds. In April 2008, Singer was notified by the District that her position was being eliminated due to lack of funds and that she would be laid off in June 2008 and placed on the 39-month reemployment list. Singer's employment in the SCL position ended in June 2008.

In August 2008, the District posted openings for eight campus monitor (CM) positions. The CM position was not a year-round position; it had a 10-month schedule. The CM position was paid at range 6 on the District's salary schedule, and it was therefore a lower position than the SCL position. The duties for the CM and SCL positions were considerably different. The CM position was limited to "ensur[ing] the safety of persons and property" on campus, while the SCL position involved dealing with a wide range of problems, including behavioral, academic, attendance, and family problems.

Singer applied for a CM position, and she was hired in a CM position in September 2008. At the outset, Singer was informed that she would be "on a

[1] See footnote 6, *post*.

probationary status" for the first six months. She began working in the CM position in September 2008. In February 2009, before she had served six months in the CM position, Singer was notified by the District that she was being "released" from her "probationary" position.

Singer and CSEA filed a verified mandate petition in May 2009. The petition sought reinstatement on the ground that Singer's permanent status did not end when she was laid off from the SCL position, but instead continued when she was reemployed in the CM position. The petition asserted that Singer was not a probationary employee in the CM position, but a permanent employee, and therefore had statutory and due process rights which the District violated by terminating her without notice, cause, or a hearing.[2]

The District filed an answer. It did not dispute the basic facts. The District claimed that Singer's statutory and due process rights had not been violated because she was a probationary employee in the CM position and therefore lacked any statutory or due process rights.

The trial court denied the petition. "The Court finds that Singer was a probationary employee at the time of her release on February 6, 2009. The petitioner was hired into a new position after having been laid off by the District. Even though plaintiff was on the District's reemployment list at the time of the September 8, 2008, hire, she was not a District employee as her employment with the District had been terminated on June 30, 2008, by lay off. The District appropriately required the petitioner as a new hire to complete a probationary period in this new position before becoming a permanent employee."[3] The court entered judgment for the District. Singer and CSEA timely filed a notice of appeal.

## II. Analysis

Appellants claim that Singer could not be required to serve a probationary period in the CM position. They maintain that she retained her permanent status, notwithstanding the fact that she had been laid off from the position in

---

[2] A probationary classified employee, unlike a permanent classified employee, has no statutory right to notice or a hearing before her employment is terminated. (*California Sch. Employees Assn. v. Oroville Union High Sch. Dist.* (1990) 220 Cal.App.3d 289, 292 [269 Cal.Rptr. 90].)

[3] At the conclusion of the hearing on the petition, the trial court stated: "[L]ogically, there should be a period of time to determine whether she can do the job, a period of probation."

which she had been employed when she attained permanent status and then reemployed in a new position, one in which she had never previously been employed. Appellants' argument depends on their claim that a classified employee becomes a permanent employee *of the district* once she has completed a probationary period in *any* position, and that permanent status *with the district* is retained regardless of the position in which the employee is employed as long as the employee has not been promoted.[4]

The terms and conditions of Singer's employment by the school district were governed entirely by statute, as statutes are the sole source of public employment rights. (*Miller v. State of California* (1977) 18 Cal.3d 808, 813 [135 Cal.Rptr. 386, 557 P.2d 970]; *Page v. MiraCosta Community College Dist.* (2009) 180 Cal.App.4th 471, 488, fn. 8 [102 Cal.Rptr.3d 902] [community college district employee].) As the facts are undisputed and the sole issue is one of statutory construction, we exercise de novo review. (*Adair v. Stockton Unified School Dist.* (2008) 162 Cal.App.4th 1436, 1442 [77 Cal.Rptr.3d 62].)

Appellants bear a substantial burden in this case. They must identify a *statutory* basis for Singer's claim that a permanent employee who is laid off from one position, and then reemployed in a new and different position, retains her permanent status notwithstanding the fact that she has never previously held the new position.

The first statute appellants identify as support for their position is Education Code section 45298.[5] "Persons laid off because of lack of work or lack of funds are eligible to reemployment for a period of 39 months and shall be reemployed in preference to new applicants. In addition, such persons laid off have the right to participate in promotional examinations within the district during the period of 39 months." (§ 45298.) Nothing in section 45298 addresses the question of whether permanent status is retained by an employee who is laid off and subsequently reemployed in a lower position.

The cases appellants cite in support of their section 45298 argument are no more relevant than the statute itself. *California School Employees Assn. v. King City Union Elementary School Dist.* (1981) 116 Cal.App.3d 695 [172 Cal.Rptr. 368] did not address the issue of whether a laid-off employee who was reemployed in a lower position retained her permanent status. *Tucker v. Grossmont Union High School Dist.* (2008) 168 Cal.App.4th 640 [85

---

[4] Appellants concede that an employee who is promoted may be required to serve a new probationary period.

[5] Subsequent statutory references are to the Education Code unless otherwise specified.

Cal.Rptr.3d 527] (*Tucker*) involved the question of whether a laid-off employee's reemployment preference applied only to the position from which the employee had been laid off, or also applied to a lower position for which the laid-off employee was qualified. The court held that the reemployment preference applied to lower positions. (*Tucker*, at p. 646.) *Tucker* says nothing about whether a laid-off employee retains permanent status if reemployed in a lower position.

Appellants claim that the trial court violated Singer's rights under section 45298, as construed in *Tucker*, by "implicitly [finding] that Singer's reemployment rights under section 45298 were limited to the [SCL] position." The trial court's statement of decision says no such thing, and that issue was never before the trial court. No one contended in this case that Singer's right to preference was not honored when she was hired in the CM position. Because the CM position was a lower position for which she was qualified, the fact that she was hired for that position dispels any suggestion that she was not given the hiring preference to which *Tucker* held she was entitled under section 45298.

Appellants also claim to find support for their contention in section 45113, subdivision (a), which provides: "The governing board of a school district shall prescribe written rules and regulations, governing the personnel management of the classified service, which shall be printed and made available to employees in the classified service, the public, and those concerned with the administration of this section, *whereby these employees are designated as permanent employees of the district after serving a prescribed period of probation* which shall not exceed one year. A permanent employee who accepts a promotion and fails to complete the probationary period for that promotional position, shall be employed in the classification from which he or she was promoted." (§ 45113, subd. (a), italics added.)

While the reference in section 45113, subdivision (a) to employees being "designated as permanent employees *of the district*" is consistent with appellants' claim that permanent status is attained *with the district* rather than *in a position*, this single statutory reference, in a statute that does not claim to define the nature of permanent status, is inconsistent with other statutes more closely concerned with the attainment of permanent status. (Italics added.)

Section 45101, which defines " '[p]ermanent' " and sets forth other statutory definitions applicable to classified employees, contradicts appellants' claim.[6] It states: " 'Permanent' as used in the phrase 'permanent employee'

---

[6] Section 45101 applies to only nonmerit system school districts. There are two types of school districts in California. One type has adopted the merit system and is referred to as a merit system school district. The other has not and is referred to as a nonmerit system school

includes tenure *in the classification* in which the employee passed the *required probationary period,* and includes all of the incidents of that classification." (§ 45101, subd. (b), underscoring & italics added.) The other definitions in section 45101 are consistent with an understanding that permanence is attained *in a classification* rather than generally by employment *with a school district.* Section 45101 refers to the "classification in which [the employee] has permanence" and "assignment to a class or grade lower than that in which the employee has permanence . . . ." (§ 45101, subds. (e), (g).) None of these definitions can be reconciled with appellants' claim that permanence is attained with the district rather than in a position or classification.

Appellants maintain that section 45101's definition of permanent does not preclude their interpretation because it is a nonexclusive definition introduced with the word "includes." If another statute provided some other means for attaining permanent status, appellants' argument might have some merit. Because public employment rights must have a statutory source, the fact that section 45101's definition *is* nonexclusive does not establish that it *creates* unmentioned public employment rights inconsistent with its inclusive definition.

■ Appellants claim that permanence must be achieved with a district rather than in a position because no statute expressly "require[s] a new probationary period" when an employee is laid off and then is reemployed in a lower position or accepts a demotion to a lower position to avoid a layoff. Yet it is equally true that no statute bars a district from requiring an employee who has not attained permanent status in a position to serve a probationary period in that position.

Appellants' reliance on *California School Employees Assn. v. Governing Bd. of South Orange County Community College Dist.* (2004) 124 Cal.App.4th 574 [21 Cal.Rptr.3d 451] (*South Orange*) is misplaced. The issue in *South Orange* was whether substitute employees who had worked for more than 75 percent of the school year were entitled to "classified employee status" under section 88003. (*South Orange,* at p. 580.) That statute provides that all nonacademic employees are classified employees except that "[s]ubstitute and short-term employees, employed and paid for less than 75 percent of a

district. Two different sets of statutes apply to the two different types of districts. It is undisputed in this case that the District is a nonmerit system school district. Consequently, appellants' references to sections 45301 and 45305 are inapt, as appellants admit that those statutes apply only to merit system school districts. (§§ 45301, 45305.) Our analysis is limited to nonmerit system school districts.

college year, shall not be a part of the classified service." (§ 88003.) The community college district in *South Orange* claimed that section 88003 excluded all substitute employees from the classified service; it asserted that the phrase after the first comma in section 88003 modified only "short-term employees." The trial court agreed with the community college district, but the Court of Appeal, construing the statute in accordance with grammatical rules and considering the legislative history, concluded otherwise. (*South Orange*, at pp. 581–588.) The *South Orange* court said nothing about permanent status or the requirement that an employee serve a probationary period in a position.

Appellants cite *California School Employees Assn. v. Compton Unified School Dist.* (1985) 165 Cal.App.3d 694 [211 Cal.Rptr. 653] (*Compton*), but *Compton* contains no relevant analysis. The issue in *Compton* was whether the time necessary to satisfy a probation period included or excluded holidays and vacation time as part of the " 'paid service' " days required to satisfy the period. The school district had terminated the employees and claimed they had no rights because they were probationary. The Court of Appeal held that the employees had satisfied their probationary period because the probationary period did include holidays and vacation as " 'paid service.' " As a result, the employees were permanent employees and had rights. (*Compton*, at pp. 697–701.) Since the sole issue in *Compton* was the meaning of "paid service," the opinion said nothing pertinent to appellants' contention. The other cases cited by appellants are similarly devoid of relevance to the issue before us.

Appellants argue that the Legislature must have intended to provide reemployment rights to laid-off employees that would allow those employees to "resume[] the status of permanent employee upon reemployment." Because the statutory scheme created by the Legislature provides that permanent status is attained in a position or class, Singer's permanent status in one position and class could not be "resume[d]" when she was reemployed in a different position and class, in which she had never attained permanent status.

■ We hold that, because permanent status in a nonmerit system school district is attained in a position or class, Singer did not have permanent status when she was reemployed in a new and different position, in which she had never attained permanent status. Consequently, she was a probationary employee with no right to notice or a hearing before the termination of her employment.

## III.   Disposition

The judgment is affirmed.

Bamattre-Manoukian, Acting P. J., and Duffy, J., concurred.