Filed 3/5/25  Ortiz v. Dunham School District CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| AIDA ORTIZ,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>DUNHAM SCHOOL DISTRICT,<br><br>    Defendant and Respondent. | A168162<br><br>(Sonoma County<br>Super. Ct. No. SCV-266480) |

Dunham School District (respondent or District) operates a small rural school district serving approximately 160 students.  Plaintiff and appellant Aida Ortiz (appellant) spent many years working for Santa Rosa City Schools before being hired by respondent as assistant business manager in September 2018.  She was terminated in August 2019 and now appeals from a judgment in favor of respondent following a court trial on her wrongful discharge claims.  Among other things, appellant contends that, because there is no evidence respondent informed her during the hiring process that she was a probationary employee, the trial court erred in concluding that she was not entitled to the procedural protections the Education Code provides for permanent employees.  We affirm.

BACKGROUND

During the period of appellant's employment, respondent's School Board Policy 4216 (Policy 4216) provided that new classified employees would

1

not attain permanent status until after serving for one year. The policy stated, "Employees newly hired for regular positions in the classified service shall be considered probationary employees until they have satisfactorily completed one year of probationary service. Upon satisfactorily completing this period, they shall become permanent classified employees of the district."[1] There is no evidence that appellant was expressly informed of the policy when she was hired or during the course of her employment. Board policies, like Policy 4216, were available by mail and also available for review in the District office. Additionally, information about Policy 4216 was in a "Classified Employee Handbook," dated 2009–2010. The handbook quoted the above language from Policy 4216 and summarized the remainder of the policy. Appellant admitted that she found the handbook in her work area and that she discussed the possibility of updating it. Respondent's former superintendent testified appellant was the District's human resources officer and was expected to be familiar with the District's policies, such as Policy 4216.

On August 30, 2019, prior to the one-year anniversary of appellant's employment, the District superintendent met with appellant and gave her a letter stating, "Your first day of work for the Dunham Elementary School District was September 4, 2018. The probationary period of employment for

---

[1] Policy 4216 continued in part, "Probationary employees shall receive written performance evaluations by their supervisor during the probationary period. These evaluations shall indicate whether the evaluator is satisfied or not satisfied with the employee's ability, performance, and compatibility with the job. [¶] . . . The Superintendent/Principal or designee may dismiss an employee during the initial probationary period. [¶] . . . This policy shall be made available to classified employees and the public."

classified employees is 12 months.  See Board Policy 4216.  Unfortunately, we are unable to continue your employment and are releasing you for [*sic*] your position, Assistant Business Manager, effective August 30, 2019.  I wish you good fortune in your future employment."

In May 2020, appellant filed an action against respondent.  The amended and operative complaint alleges causes of action for age discrimination, race discrimination, and two causes of action premised upon appellant's alleged status as a permanent employee who could only be terminated upon a showing of good cause—discharge without due process and discharge without due cause.[2]

In February 2023, following a court trial, the court entered a statement of decision ruling against appellant on all her claims.  The court concluded that appellant had not proven her discrimination claims and had not shown she was a permanent employee who could only be terminated for good cause.[3] The court entered judgment in favor of respondent in May, and the present appeal followed.

DISCUSSION

Appellant contends the trial court erred in concluding she failed to show she was not subject to the one-year probationary period in Policy 4216. "In reviewing a judgment based upon a statement of decision following a bench trial, we review questions of law de novo.  [Citation.]  We apply a

---

[2] The amended complaint also alleged causes of action for retaliation and discharge in violation of public policy, but the trial court granted a motion for summary adjudication as to those claims.  That ruling is not challenged on appeal.

[3] Appellant does not challenge on appeal the denial of her age and race discrimination claims.

substantial evidence standard of review to the trial court's findings of fact. [Citation.]  Under this deferential standard of review, findings of fact are liberally construed to support the judgment and we consider the evidence in the light most favorable to the prevailing party, drawing all reasonable inferences in support of the findings." (*Thompson v. Asimos* (2016) 6 Cal.App.5th 970, 981.)

"[I]t is well established that the terms and conditions of public employment, unlike those of private employment, generally are established by statute or other comparable enactment (e.g., charter provision or ordinance) rather than by contract." (*White v. Davis* (2003) 30 Cal.4th 528, 564–565 (*White*), citing *Boren v. State Personnel Board* (1951) 37 Cal.2d 634, 641 (*Boren*); accord, *Cal Fire Local 2881 v. California Public Employees' Retirement System* (2019) 6 Cal.5th 965, 977 (*Cal Fire Local 2881*); *Miller v. State of California* (1977) 18 Cal.3d 808, 813 (*Miller*); *Broome v. Regents of University of California* (2022) 80 Cal.App.5th 375, 382; *California School Employees Assn. v. Governing Bd. of East Side Union High School Dist.* (2011) 193 Cal.App.4th 540, 544 (*California Sch. Emps. Assn.*).)  California courts have concluded that certain terms of employment, such as the payment of earned salary, are protected by the contract clause of the California Constitution.  However, no such protection has been accorded to the term at issue in the present case, involving " 'the right to remain in an office or employment, or to the continuation of civil service status.' " (*White*, at p. 565; see also *Cal Fire Local 2881*, at p. 977 [" '[I]t is well settled in California that public employment is not held by contract but by statute and that, insofar as the duration of such employment is concerned, no employee has a vested contractual right to continue in employment beyond the time or contrary to the terms and conditions fixed by law' "]; *Kern v. City of Long*

4

*Beach* (1947) 29 Cal.2d 848, 852–853 ["the courts of this state have refused to hold, in the absence of special provision, that public employment establishes tenure rights"].)

Due to those bedrock principles, appellant "must identify a *statutory* basis" for her claim to permanent employee status. (*California Sch. Emps. Assn.*, *supra*, 193 Cal.App.4th at p. 544.) And without this status, appellant's wrongful discharge claims fail because "[a] probationary classified employee, unlike a permanent classified employee, has no statutory right to notice or a hearing before her employment is terminated." (*Id.* at p. 543, fn. 2; accord, *Atkins v. City of Los Angeles* (2017) 8 Cal.App.5th 696, 724; see also *Phillips v. Civil Service Commission* (1987) 192 Cal.App.3d 996, 1000 ["[a] probationary employee of a public agency may be dismissed without a hearing and without judicially cognizable good cause"].)

The parties agree appellant was a classified District employee. "School District employees generally fall into two categories: (1) those who are certified to teach (certificated employees) and (2) those who are not certified to teach but perform other functions (classified employees)." (*San Francisco Unified School Dist. v. City and County of San Francisco* (2012) 205 Cal.App.4th 1070, 1073.)[4] "California provides job protection to classified school employees . . . . Generally, school districts must either establish a merit system or comply with detailed statutory provisions granting substantive rights on the hiring and retention of classified employees. (Ed. Code, §§ 45103, 45113, 45115–45117, 45240 et. seq.)" (*San Francisco*

---

[4] " 'Jobs in the classified service . . . include custodians, bus drivers, cafeteria workers, clerical staff, some instructional aids, and other nonteaching and nonadministrative positions.' " (*California School Employees Assn. v. Kern Community College Dist.* (1996) 41 Cal.App.4th 1003, 1007, fn. 4.)

5

*Unified*, at pp. 1073–1074.)[5]  It is undisputed that appellant's employment was governed by the provisions of the Education Code applicable to nonmerit school districts.  (See *California Sch. Emps. Assn.*, *supra*, 193 Cal.App.4th at p. 545, fn. 6.)  It is also undisputed that the line of authority holding that the terms of public employment are established by statute is applicable to appellant's position as a classified employee of the District.  (See *id.* at pp. 542, 544 [applying same line of authority to employment claim of "a classified employee of a nonmerit system school district"]; see also *Cox v. County of San Diego* (1991) 233 Cal.App.3d 300, 307–308, 311, 312, fn. 7, disapproved on another ground in *Zavala v. Arce* (1997) 58 Cal.App.4th 915 [applying same line of authority to claim of classified employee in merit system district].)

At issue in the present case is Policy 4216, promulgated pursuant to Education Code section 45113.[6]  Former section 45113, subdivision (a) authorized school districts to impose probationary periods of up to one year, stating in relevant part, "The governing board of a school district shall prescribe written rules and regulations, governing the personnel management of the classified service, which shall be printed and made available to employees in the classified service, the public, and those concerned with the administration of this section, whereby such employees are designated as permanent employees of the district after serving a

_____

[5] "Briefly stated, a merit district operates under a merit system with an independent personnel commission and a nonmerit or local permanence district operates with the district's governing board responsible for the functions of a personnel commission."  (*California School Employees Assn. v. Kern Community College Dist.*, *supra*, 41 Cal.App.4th at p. 1005, fn. 1; see also *Personnel Commission v. Barstow Unified School Dist.* (1996) 43 Cal.App.4th 871, 876.)

[6] All undesignated section references are to the Education Code.

6

prescribed period of probation which shall not exceed one year."[7] Section 45101, subdivision (b) states that " 'Permanent' as used in the phrase 'permanent employee' includes tenure in the classification in which the employee passed the required probationary period, and includes all of the incidents of that classification." Section 45113, subdivision (b) provides that "a permanent employee shall be subject to disciplinary action only for cause"; section 45113, subdivision (c) requires school districts to "adopt rules of procedure for disciplinary proceedings," including notice and the right to a hearing; and subsequent subdivisions address other specifics relating to such disciplinary proceedings.

Appellant first contends that the probationary period in Policy 4216 is unenforceable because the policy does not comply with section 45113 in certain respects. In particular, appellant argues Policy 4216 fails to specify the disciplinary procedures applicable to permanent employees. But appellant provides no authority that or reasoning why a failure to provide for such procedures with respect to a permanent employee results in her becoming a permanent employee before completion of the probationary period.[8]

---

[7] Subsequent to appellant's termination, section 45113 was amended to shorten the maximum allowable probationary period from one year to six months. (Stats. 2019, ch. 542, § 1, eff. Jan. 1, 2020.)

[8] Respondent asserts that the disciplinary procedures are in a separate policy, numbered 4218. Appellant complains the policy was not admitted into evidence at trial, while respondent explains it was provided to the trial court in response to "a new argument, first articulated in [appellant's] objections to the Amended Tentative Statement of Decision," that Policy 4216 was infirm because it did not include the disciplinary procedures. Because appellant's argument fails in any event, we need not address whether it would be proper for this court to consider Board Policy 4218.

Appellant next contends Policy 4216 was not "printed and made available to employees in the classified service, the public, and" other concerned persons within the meaning of section 45113, subdivision (a). She argues the record shows the District's policies, including Policy 4216, were kept in unindexed binders in the District office, and that the policies were not available on the internet. However, she does not dispute that Policy 4216 was available both in the District office and by mail on request. Appellant refers to the lack of "publication" of the policy, but she points to no statutory language requiring publication. Although appellant's evidence suggests it may have been inconvenient to access Policy 4216, she does not explain with "reasoned argument and citations to authority" (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784–785) why the circumstances shown by the evidence do not constitute "printed and made available" within the meaning of section 45113, subdivision (a).

Appellant further contends that, even if Policy 4216 is not unenforceable as a matter of law, it is unenforceable as to her because she was not advised of her probationary status at the time she commenced employment with respondent. We agree that respondent cites to nothing in the record to contradict appellant's evidence that she was not expressly advised of her probationary status when she was hired (or subsequently, prior to her termination). The trial court concluded in its statement of decision that appellant should have been aware of the probationary period, due to, among other things, her human resources role and her possession of an employee handbook. For example, the court found, "Knowledge of this policy, as well as other policies, was part of [appellant's] duties and responsibilities as expressly written in the job description." Appellant

8

responds, "It was not [appellant's] responsibility to discover she had a period of probation."

We need not address the trial court's finding that appellant should have known of her probationary status, because appellant has not shown that respondent was required to expressly inform her of the one-year probationary period in order for it to be applicable. That is, appellant points to no statutory entitlement to be treated as a permanent employee simply because the District failed to provide express notice to the contrary at the outset of employment. If this court were to conclude that appellant is entitled to permanent status in the circumstances of this case, it would be directly contrary to the section 45101 definition of "permanent employee" as one who has "passed the required probationary period." (§ 45101, subd. (b); see *California Sch. Emps. Assn.*, *supra*, 193 Cal.App.4th at p. 544.) More generally, to declare appellant a permanent employee based on contractual employment law, as appellant urges, would violate the principle that the terms of appellant's employment, and particularly any right to continued public employment, are governed by statute. (*Cal Fire Local 2881*, *supra*, 6 Cal.5th at p. 977; *White*, *supra*, 30 Cal.4th at pp. 564–565; *Boren*, *supra*, 37 Cal.2d at p. 641; *California Sch. Emps. Assn.*, at p. 544.)[9] Appellant cites no authority that cases from the private employment context, such as *Metters v.*

---

[9] *Frates v. Burnett* (1970) 9 Cal.App.3d 63 is of no assistance to appellant. Appellant emphasizes the language in that decision, "An employment contract between a school district and an employee is in essence a contract of adhesion and therefore will be construed against the school district." (*Id.* at p. 69.) But Policy 4216 is not ambiguous in imposing a one-year probationary period. In any event, *Frates* involved a permanent employee who was denied notice of charges and a hearing before dismissal; nothing in the decision suggests that permanent public employment status may be based on principles of contract law.

9

*Ralphs Grocery Co.* (2008) 161 Cal.App.4th 696 and *Mitri v. Arnel Management Co.* (2007) 157 Cal.App.4th 1164, control the determination of whether she is a permanent public employee, and she fails to explain how such a holding would be consistent with the "well established" rule described in *White* and other cases. (*White*, at p. 564.) (See *Summers v. City of Cathedral City* (1990) 225 Cal.App.3d 1047, 1065 ["Thus, as a matter of law, there can be no express or implied-in-fact contract between plaintiff and the City which restricts the manner or reasons for termination of his employment"].)

The California Supreme Court's decision in *Boren*, *supra*, 37 Cal.2d 634 is instructive. There, the plaintiff sought writ review of a State Personnel Board order dismissing him from a civil service position. (*Id.* at p. 637.) The plaintiff argued that "by reason of the representations of the State Personnel Board and the terms of plaintiff's acceptance of the offer of employment, it was a condition of his contract that he would not be required to serve outside the Southern California area." (*Id.* at p. 640.) The Supreme Court rejected the claim, reasoning that the principle that the terms of employment "are fixed by statute and not by contract" meant that "[t]he controlling question is whether the statutory provisions governing employment in the state civil service gave to plaintiff's superior the authority to transfer him," not whether contractual principles supported his claim of right to employment in Southern California. (*Id.* at p. 641.) The Court observed, " 'When an employee of the state, under civil service, accepts a position, he does so with knowledge of the fact that his salary, and, indeed, his conduct, are both subject to the law governing such matters, as set forth in the statute and the rules and regulations of the commission.' [Citations.] The statutory provisions controlling the terms and conditions of civil service employment

10

cannot be circumvented by purported contracts in conflict therewith." (*Ibid.*; accord, *Miller, supra,* 18 Cal.3d at p. 814.) The same principle applies in the present case: respondent's failure to inform appellant of her probationary status cannot circumvent the statutory law providing for permanent status only upon completion of the probationary period specified in Policy 4216.

Finally, appellant contends that Policy 4216 is inapplicable because she never received the written performance evaluation referenced in the policy. In particular, Policy 4216 states, "Probationary employees shall receive written performance evaluations by their supervisor during the probationary period. These evaluations shall indicate whether the evaluator is satisfied or not satisfied with the employee's ability, performance, and compatibility with the job." Respondent asserts that a May 2019 meeting during which appellant's performance was discussed was "essentially an in-person performance evaluation." But respondent does not dispute the trial court's conclusion that the meeting was not the written evaluation provided for in Policy 4216. Nevertheless, we agree with the court that appellant has provided no persuasive arguments supported by citations to authority that, under the controlling statutes, respondent's failure to give appellant a written performance evaluation entitled her to the status of a permanent employee before expiration of the one-year probationary period.[10]

Appellant has failed to show the trial court erred in concluding she was a probationary employee subject to termination without cause.

---

[10] In a footnote in her reply, appellant argues for the first time that it is unclear whether Policy 4216 applies to her because the policy refers to employees hired for "regular" positions, while her position was advertised as "confidential." We need not address arguments asserted for the first time in a reply brief. (*Proctor v. Vishay Intertechnology, Inc.* (2013) 213 Cal.App.4th 1258, 1273–1274.)



## DISPOSITION

The trial court's judgment is affirmed. Costs on appeal are awarded to respondent.


SIMONS, J.


We concur.

JACKSON, P. J.
BURNS, J.


12

(A168162)