[No. D050266. Fourth Dist., Div. One. Oct. 28, 2008.]

CHARLES JOSEPH TUCKER, JR., Plaintiff and Respondent, v. GROSSMONT UNION HIGH SCHOOL DISTRICT, Defendant and Appellant.

642

COUNSEL

Stutz Artiano Shinoff & Holtz, Daniel R. Shinoff and Paul V. Carelli IV for Defendant and Appellant.

Patrick F. O'Connor; Boudreau Williams and Jon R. Williams for Plaintiff and Respondent.

OPINION

**O'ROURKE, J.**—Grossmont Union High School District (District) appeals an order granting an extraordinary writ to require District to reemploy Charles Joseph Tucker, Jr., in preference to new applicants for any available position with District for which Tucker applies and for which he is qualified. District contends under the plain meaning of relevant statutes Tucker does not have reemployment rights to positions outside of the class from which he was laid off. We affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Tucker began working for District in 1982 as a general maintenance worker and after one and one-half years was promoted to maintenance supervisor. He left District's employ from 1988 until 1996 during which time he worked for another school district and earned an MBA. In 1996 Tucker returned to work for District and held the position of director of maintenance and operations. He later assumed additional responsibilities in connection with the building of a new high school and compliance with the Americans with Disabilities Act of 1990 (Pub.L. No. 101-336 (July 26, 1990) 104 Stat. 327), and some of his former responsibilities were delegated to others. His job title became director of operations, safety and special projects.

District's former assistant superintendent stated that in 2004 District asked a state agency, the County Office Fiscal Crisis and Management Assistance Team (FCMAT), to review its classified management structure. FCMAT recommended eliminating Tucker's position and combining his duties with those of other positions to reduce expenditures. On January 13, 2005, District's board of trustees voted to eliminate Tucker's position because of lack of work and/or lack of funds. He was laid off effective April 2005.

In April 2005 Tucker applied for the position of maintenance manager with District. According to District's human resources director, this position was of a lower class and had different job responsibilities than Tucker's previous position. Although Tucker was qualified for the position, District hired someone else, an individual who had never before worked for District.

Tucker petitioned for a writ of mandate. He alleged District illegally laid him off; it did not comply with his "bumping rights," which he claimed gave him the right to move into a job held by a current employee; and it violated his right to reemployment under Education Code section 45298,[1] which gives

---

[1] Statutory references are to the Education Code unless otherwise specified.

employees laid off for lack of work or lack of funds reemployment preference over new applicants. He also petitioned for declaratory relief..

The superior court granted Tucker's petition in part and denied it in part. The court found District had legitimately laid off Tucker for lack of work and/or lack of funds and Tucker had no "bumping rights." The court also found Tucker had and continues to have the right to be reemployed in preference to new applicants under section 45298, and this right was violated when he was not reemployed in April 2005 as maintenance manager. The court found section 45298 does not limit reemployment to a job only within a particular classification. It stated in order to exercise his right to reemployment, Tucker must apply for an available position and satisfy the qualifications promulgated by District for the position sought. The court declined to award damages without prejudice to Tucker seeking damages in a separate action.

## DISCUSSION

District contends the court erred by finding section 45298 provides Tucker with the right to be reemployed by District in preference to new applicants for any position for which he applies and for which he is qualified. It argues section 45298 must be read together with section 45308, and analyzing the two statutes together leads to the conclusion that Tucker has preference to reemployment only for a position within the class from which he was laid off.

■ Because the resolution of this issue involves a question of law where the facts are not in dispute, we are not bound by the trial court's decision, but may make our own determination. (*Rodriguez v. Solis* (1991) 1 Cal.App.4th 495, 502 [2 Cal.Rptr.2d 50].) In deciding the proper interpretation of statutes, the primary goal is to determine the intent of the Legislature when the law was enacted. The goal of statutory construction is to ascertain the Legislature's intent to effectuate the purpose of the law. (*Torres v. Automobile Club of So. California* (1997) 15 Cal.4th 771, 777 [63 Cal.Rptr.2d 859, 937 P.2d 290].) ■ " '[E]very statute should be construed with reference to the whole system of law of which it is a part so that all may be harmonized and have effect.' " (*Landrum v. Superior Court* (1981) 30 Cal.3d 1, 14 [177 Cal.Rptr. 325, 634 P.2d 352].)

■ The reviewing court seeks to give the statute a reasonable construction and to promote rather than defeat the policy underlying the legislation. (*County of Alameda v. Johnson* (1994) 28 Cal.App.4th 259, 263 [33

Cal.Rptr.2d 483].) We first look at the language of the statute, attributing to the words their plain, usual, ordinary and commonsense meaning. (*Garcia v. McCutchen* (1997) 16 Cal.4th 469, 476 [66 Cal.Rptr.2d 319, 940 P.2d 906]; *Torres v. Automobile Club of So. California, supra,* 15 Cal.4th at p. 777.) When the statutory language is clear and unambiguous, judicial construction is neither necessary nor proper. (*Cortez v. Purolator Air Filtration Products Co.* (2000) 23 Cal.4th 163, 179 [96 Cal.Rptr.2d 518, 999 P.2d 706].)

■ The governing board of a school district prescribes written rules and regulations governing the personnel management of the classified service. (§ 45113, subd. (a).) However, "the governing board may lay off and reemploy classified employees only in accordance with procedures provided by Sections 45298 and 45308 . . . ." (§ 45114.)

We thus examine the pertinent language of these statutes. Section 45298 provides: "Persons laid off because of lack of work or lack of funds are eligible to reemployment for a period of 39 months and shall be reemployed in preference to new applicants."

Section 45308 provides in part: "Classified employees shall be subject to layoff for lack of work or lack of funds. Whenever a classified employee is laid off, the order of layoffs within the class shall be determined by length of service. The employee who has been employed the shortest time in the class, plus higher classes, shall be laid off first. Reemployment shall be in the reverse order of layoff."

District asserts because sections 45298 and 45308 must be read together and section 45308 refers to classes of classified employees and designates the orders for laying off and reemploying members of a class, an employee's rights to preference for reemployment are for reemployment only within the class in which he or she was formerly employed. District argues the rights do not include any preference for reemployment in a lower or different class even if the laid-off employee is qualified for the position.

■ This argument is not persuasive. Section 45298 describes the rights of a laid-off employee in relation to new applicants and specifies the laid-off employee has a right to reemployment in preference to a new applicant. Section 45308 explains the order in which members within a class must be laid off and rehired. The language of section 45308 is relevant to the rights of the individual members of a class vis-à-vis each other. It is not relevant to the rights of laid-off employees versus new applicants. To take the language of section 45308 regarding the rights of class members in relation to each other

and interject it into the language of section 45298 that describes the reemployment rights of laid-off employees versus new applicants would change the plain meaning of section 45298.

■ If the Legislature had intended to limit a laid-off employee's right to reemployment, it easily could have stated the former employee "shall be reemployed *within the same class from which the employee was laid off* in preference to new applicants." It did not do so, and the language of the statute has remained essentially the same since it was first enacted in 1935 as section 5.798 of the former School Code. (Stats. 1935, ch. 618, § 1, p. 1745.) In other sections of the code the Legislature has included language relating to classes of employees. Section 45195, which applies to classified employees in elementary and secondary schools, states an employee who returns to work after a leave "shall be restored to a position *within the class* . . . and, if at all possible, to his or her position . . . ." (Italics added.) Sections 88127 and 88195, which apply to classified employees in community colleges, refer respectively to the order of layoff of classified employees within a class and of returning to work to a position within a class after a leave of absence. In enacting section 45298, however, the Legislature did not specify that the laid-off employee's preference to reemployment over a new employee was restricted to reemployment only in the same class from which he was laid off. Because the Legislature did not include this language, we conclude it did not intend to so restrict a laid-off employee's preference to reemployment versus a new applicant.

■ District's suggestion that language in the second paragraph of section 45298 supports its interpretation is not convincing. The second paragraph of section 45298 states: "Employees who take voluntary demotions . . . shall be granted the same rights as persons laid off . . . provided, that the same tests for fitness under which they qualified for appointment to a class shall still apply." These words simply mean that employees who took voluntary demotions and laid-off persons have the same rights vis-à-vis each other to reemployment as long as they are still qualified for the class of employment. The language does not suggest that a laid-off employee's reemployment rights versus a new applicant are restricted to the same class from which he or she was laid off.

District's argument that reemployment preferences under the Government Code support its argument is also flawed. Rules for reemployment found in Government Code sections 18904, 18905, 19054 and 19056 that refer to placement on reemployment lists for classes of employees are like the rights

referred to in section 45308 and the second paragraph of section 45298. They are relevant to the rights of former employees in relation to each other. They do not support District's argument that would restrict an employee's preference for reemployment against new applicants to the class from which he or she was laid off.

Our California Supreme Court's analysis of another section of the Education Code is instructive. Although, as District points out, *California Teachers Assn. v. Governing Bd. of Rialto Unified School Dist.* (1997) 14 Cal.4th 627, 632 [59 Cal.Rptr.2d 671, 927 P.2d 1175] (*Rialto*) involved interpretation of a different statute, the court's reasoning is useful. Section 44919, subdivision (b), provides that a limited assignment supervising pupils in an athletic activity " 'shall first be made available to teachers presently employed by the district.' " (*Rialto*, at p. 632, italics omitted.) The school district had asserted the hiring preference provided by the statute only required it to make the application and interview process available to current credentialed teachers. The court, however, observed this would in effect give current teachers no advantage over other applicants. The court ruled that, by section 44919, subdivision (b), the Legislature intended to give preference to employment in coaching positions to credentialed teachers currently employed by a district over noncredentialed employees or nonemployees. (*Rialto*, at p. 634.) The court noted because the district has the authority to set the criteria it uses to determine the qualifications for the position, section 44919, subdivision (b), does not provide a guarantee of employment, but the preference is limited to those applicants qualified for the coaching position based on the criteria that the district itself creates. A teacher applying for a coaching position would have to show he or she meets the qualifications promulgated by the district before the district would be prohibited from hiring a noncredentialed employee or nonemployee in preference to the teacher. (*Rialto*, at p. 644.)

Here, also, section 45298 provides a preference for a laid-off employee vis-à-vis new applicants for reemployment in a position for which the laid-off employee is qualified. District's contrived reading of sections 45298 and 45303 together could eliminate any advantage for the laid-off employee versus a new applicant. By requiring that the preference be available only if the laid-off employee is applying for a position within the exact same class from which he or she was laid off, a district would be free to simply eliminate the position or class after laying off the employee, thereby doing away with the benefit the Legislature intended to afford to the laid-off employee by enacting section 45298. District has broad discretion to define the qualifications required for any position for which it seeks applicants, thus it may ensure that only applicants who meet the prerequisites of a given

position will be hired. Providing a preference for laid-off employees who can fulfill the qualifications of a position protects both the interests of the laid-off employee, as intended by the Legislature, and the interests of the District in having an employee qualified for the position.

█ District's fears that an employee laid off for lack of work and/or lack of funds will have inappropriate priority over other employees are unfounded. Nothing in the statutory provisions gives the laid-off employee the right to a position currently held by another employee. District's worries that a laid-off employee would have an unjustifiable preference over a much better qualified new applicant are also unwarranted. Section 45298 does not provide a guarantee of reemployment. A district has the ability to set its own hiring criteria for any given position to ensure that it may hire a well-qualified individual to fill the position.

We also find unpersuasive District's arguments in its reply brief regarding *Gately v. Cloverdale Unified School Dist.* (2007) 156 Cal.App.4th 487 [67 Cal.Rptr.3d 377] (*Gately*). In *Gately* the court ruled the facts supported a finding that an individual who had been employed as a business manager had been laid off for legitimate fiscal and organizational reasons. (*Id.* at p. 497.) The court also ruled the former business manager was not entitled to special notice when the position of chief financial operations officer (CFO) became available although she could have applied for the CFO position had she chosen to do so. (*Ibid.*)

In *Gately* the former employee's position had been eliminated and her former duties were assumed by a CFO, the highest ranking executive after the superintendent, and whose duties were more demanding and required skills that the laid-off employee lacked. (*Gately, supra,* 156 Cal.App.4th at p. 497.) Thus, she was not qualified for the CFO position and would not have a right of preference over a new applicant. By contrast, the record indicated Tucker, who had been laid off from a position that was eliminated, director of operations, safety and special projects, would presumably have met the qualifications for the position of maintenance manager since he earlier had been employed as director of maintenance and operations. He should have been afforded a preference over a new applicant. The holding of *Gately* does not support District's position.

█ Under the provisions of sections 45298 and 45308, Tucker has preferential reemployment rights over any new applicants to available positions for which he is qualified.

## DISPOSITION

The judgment is affirmed.

McConnell, P. J., and Haller, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 11, 2009, S168968. Werdegar, J., did not participate therein