Filed 1/17/14  Poveda v. Southwestern Community College Dist. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| FERNANDO POVEDA, | D062460 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2011-00099248-CU-WM-CTL) |
| SOUTHWESTERN COMMUNITY COLLEGE DISTRICT, | |
| Defendant and Respondent. | |


APPEAL from an order of the Superior Court of San Diego County, Richard E. L. Strauss, Judge.  Reversed and remanded with directions.

David S. Bristol, Boudreau Williams and Jon R. Williams for Plaintiff and Appellant.

Atkinson, Andelson, Loya, Ruud & Romo, Marlon Craig Wadlington for Defendant and Respondent.

Fernando Poveda appeals the trial court's denial of his petition for writ of mandate filed under Code of Civil Procedure section 1085. He contends that during the 39 months after his former employer, respondent Southwestern Community College District (Southwestern), laid him off for lack of funds, he applied for several positions at Southwestern, but Southwestern filled those positions without granting him the reemployment preference to which he was entitled under Education Code[1] section 88117. Southwestern counters that it filled all those positions internally with current Southwestern employees. It interprets section 88117 as requiring it to grant Poveda reemployment preference over only external applicants, that is, those not currently employed at Southwestern.

The issue presented is whether the term "new applicants" used in section 88117 applies only to external applicants or to both internal and external applicants. We agree with Poveda and conclude that the latter interpretation comports with the statute's plain terms and the legislative scheme. Accordingly, we reverse the judgment and remand for the court to grant Poveda's writ petition and determine the appropriate relief under Code of Civil Procedure section 1095.

FACTUAL AND PROCEDURAL BACKGROUND

In an October 2011 verified petition for writ of mandate, Poveda alleged that Southwestern hired him in October 1991 as coordinator for outreach/school and community relations, a classified administrative position that later was elevated to a

---

[1] All statutory references are to the Education Code unless otherwise stated.

2

directorship level. In 1999, Poveda held the position of interim dean of student activities for approximately seven months. Effective June 2009, Southwestern eliminated Poveda's job as director of outreach because of lack of work or funds, and not because of his work performance. Southwestern notified him he was eligible for reemployment preference under section 88117. In July 2011, Poveda applied for three deanships, two directorships, three supervisor positions and all open supervisor or administrative positions at Southwestern.[2] Southwestern never interviewed Poveda, but instead filled the vacancies internally. Poveda's writ petition sought damages, including employment in one of the positions he had applied for, back pay and lost benefits.

In opposing Poveda's writ petition, Southwestern did not dispute his factual claims; rather, it argued that section 88117 granted Poveda preference over new external applicants only, and not over internal ones. Southwestern acknowledged that although it is not a merit district, section 88117 applies to it under section 88014. Southwestern argued that, faced with massive budget cuts over several years, it was forced to restructure its operations and therefore eliminated certain positions, reduced the total number of full-time employees, and filled other positions internally as permitted by California Code of Regulations, title 5, section 53021[3]. Southwestern claimed that

---

[2]    Specifically, Poveda applied for dean of Southwestern's Otay Mesa campus; dean of continuing education; dean of institutional advancement; director of disability support services; director of financial aid, evaluations and veterans services; instructional support services supervisor; and three positions for center operations supervisor.

[3]    California Code of Regulations, title 5, section 53021 states: "Except as otherwise provided in this section, community college districts shall actively recruit from both

3

because it does not use promotional or other employment examinations, it could not have violated section 88117, subdivision (a)(2).

Joseph Quarles, Southwestern's interim vice-president of human resources, explained in a supporting declaration why Southwestern did not grant Poveda the reemployment preference. Quarles stated that approximately 87 percent of Southwestern's expenditures are personnel costs, including salaries and benefits. In 2011, in light of reduced state and federal funding, Southwestern reorganized and restructured its operations and programs. Quarles stated that in filling the challenged positions, Southwestern relied on its internal policy titled, "Recruitment and Hiring Policy and Recruitment and Hiring Procedure (No. 7120)," and reviewed all vacancies "for a determination of the necessity of continuing the position and other means of providing services that were less costly. Only where [Southwestern] determined that an absolute need existed for the services provided by a particular position was the position filled. Because the ultimate goal was a reduction in personnel costs, it was determined that instead of following the normal hiring procedure, the vacancies would first be advertised

within and outside the district work force to attract qualified applicants for all new openings. . . . The requirement of open recruitment shall apply to all new full-time and part-time openings in all job categories and classifications." (Cal. Code Regs., tit. 5, 53021, subd. (a).) However, the regulation creates an exception permitting the community college to conduct " '[i]n-house or promotional only' " recruitment under limited circumstances. (Cal. Code Regs., tit. 5, § 53021, subd. (b)(1).) The regulation specifies: "For purposes of this section, a new opening is not created when: (1) there is a reorganization that does not result in a net increase in the number of employees; (2) one or more lateral transfers are made and there is no net increase in the number of employees; (3) a position which is currently occupied by an incumbent is upgraded, reclassified, or renamed without significantly altering the duties being performed by the individual." (Cal. Code Regs., tit. 5, § 53021, subd. (c).)

internally for current employees only. If no qualified current employees were found, then the position would be advertised to non-employees. The positions identified by [Poveda] in his declaration and pleadings were all advertised internally only and only current employees were permitted to apply for the positions."[4]

The court denied Poveda's petition for writ of mandate. It ruled nothing in section 88117 required Southwestern to grant Poveda reemployment preference over internal applicants, and if the Legislature had intended that result, it would have specified that laid-off individuals were entitled to preference over "other new applicants." It reasoned that section 88117 did not apply to Poveda because he was a laid-off employee, and not a "new applicant."

DISCUSSION

Poveda contends that under a plain reading of section 88117, the term "new applicants," over whom he had reemployment preference, applies to both internal and external applicants. By contrast, Southwestern interprets section 88117 to require it to grant a laid-off employee a reemployment preference only over external applicants,

_____

4       Pursuant to California Code of Regulations, title 5, section 53021, Southwestern enacted recruitment and hiring procedure No. 7120, which provides: "[Southwestern] shall use in-house or promotional only recruitment solely in the event of business necessity. 'In-house' or 'promotional only recruitment' means that only [Southwestern] employees are eligible to apply for a position. 'Business necessity' means circumstances which rise above mere business convenience that justify an exception to the requirements of full and open recruitment and would result in substantial additional financial cost to [Southwestern] or pose a significant threat to human life or safety. Business necessity does not exist when an alternative practice will serve business needs equally well."

5

reasoning that if the Legislature intended otherwise it would instead have used the terms "other applicants" or "all applicants."

We stated the applicable standard of review in *Tucker v. Grossmont Union High School Dist.* (2008) 168 Cal.App.4th 640 (*Tucker*): "Because the resolution of this issue involves a question of law where the facts are not in dispute, we are not bound by the trial court's decision, but may make our own determination. [Citation.] In deciding the proper interpretation of statutes, the primary goal is to determine the intent of the Legislature when the law was enacted. The goal of statutory construction is to ascertain the Legislature's intent to effectuate the purpose of the law. [Citation.] ' "[E]very statute should be construed with reference to the whole system of law of which it is a part so that all may be harmonized and have effect." ' [Citation.] [¶] The reviewing court seeks to give the statute a reasonable construction and to promote rather than defeat the policy underlying the legislation. [Citation.] We first look at the language of the statute, attributing to the words their plain, usual, ordinary and commonsense meaning. [Citation.] When the statutory language is clear and unambiguous, judicial construction is neither necessary nor proper." (*Id.* at pp. 644-645.)

Section 88117 states in part: "(a) A person laid off because of lack of work or lack of funds shall be eligible for reemployment for a period of 39 months as follows: (1) The person's reemployment shall take preference over new applicants. (2) The person shall have the right to participate in promotional examinations within the district during the period of 39 months." Our plain meaning interpretation of that provision is that laid-off employees' preference applies over all new applicants, irrespective of whether they

6

are internal or external applicants. We may not introduce a distinction between internal and external "new applicants" that the statute omits because "[d]oing so would violate the cardinal rule that a statute '. . . is to be interpreted by the language in which it is written, and courts are no more at liberty to add provisions to what is therein declared in definite language than they are to disregard any of its express provisions.' " (*Wells Fargo Bank v. Superior Court* (1991) 53 Cal.3d 1082, 1097.) We accordingly reject Southwestern's attempt to engraft onto the statute a distinction that the Legislature did not make.

Our interpretation of section 88117, subdivision (a)(1) is bolstered by the context provided by subdivision (b), which states: "An employee who takes a voluntary demotion or a voluntary reduction in assigned time in lieu of layoff or to remain in his or present position . . . *shall be granted the same rights as persons laid off* and shall retain eligibility to be considered for reemployment for an additional period of up to 24 months." (Italics added.) The Legislature did not grant current, voluntarily-demoted employees reemployment preferences over laid-off employees; rather, it granted the same reemployment preferences to both. Therefore, contrary to Southwestern, we conclude the Legislature did not intend that the term "new applicants" exclude internal applicants.[5]

Southwestern's contention that section 88117 grants laid-off employees a reemployment preference over only external applicants also is refuted by the interplay of

---

[5]    We recognize that section 88117 subdivision (a)(2) specifies that those employees who are voluntarily demoted will receive an additional 24 months of preferential reemployment. However, that point of difference affects only the duration of the preferential employment period; it does not alter the substantive right to reemployment preference granted to both laid-off workers and current employees who are voluntarily demoted.

7

two other Education Code sections. Specifically, section 88127 states in part: "Classified employees shall be subject to layoff for lack of work or lack of funds. Whenever a classified employee is laid off, the order of layoff within the class shall be determined by length of service. The employee who has been employed the shortest time in the class, plus higher classes, shall be laid off first. Reemployment shall be in the reverse order of layoff." Section 88195 grants permanent employees of the classified service who are absent because of non industrial accident or illness—and who have exhausted all entitlement to paid or unpaid leave—39 months on the reemployment list. That section states: "The employee's reemployment shall take preference over all other applicants *except for those laid off for lack of work or funds under Section 88117* in which case the employee shall be ranked according to his or her proper seniority." (§ 88195, italics added.) Read together, these sections support our conclusion that section 88117 grants laid-off employees reemployment preference over both internal and external applicants because section 88195 grants laid-off employees preference over one specific class of current employees—those who are on leave after having exhausted their leaves following a non-industrial illness.

Southwestern's argument that it relied on California regulations and Southwestern's internal recruitment and hiring procedure No. 7120 to secure money savings by hiring internal employees during a severe financial crisis is unavailing. Without deciding the issue in this case, we note that to the extent a conflict exists between Southwestern's regulations and section 88117, the law in California is that

8

" ' "Administrative regulations that alter or amend the statute or enlarge or impair its scope are void and courts not only may, but it is their obligation to[,] strike down such regulations." ' " (*Ontario Community Foundations, Inc. v. State Bd. of Equalization* (1984) 35 Cal.3d 811, 816-817, italics omitted.)  Section 88117 provides no exception to its reemployment preference mandate based on a community college's financial distress. To the contrary, the statute presupposes that the reason an employee is laid off is the community college's "lack of work and lack of funds."

Also to no avail is Southwestern's argument that because it does not administer employment exams it did not violate the provision of section 88117 regarding such examinations.  The point of section 88117 is to grant reemployment preference to laid-off workers, and it is not a prerequisite to this mandate that a community college administer promotional examinations.  Accordingly, Southwestern is not exempt from the obligation to grant reemployment preferences to laid-off persons.

Finally, our interpretation of section 88117 draws support from our interpretation in *Tucker*, *supra*, 168 Cal.App.4th 640 of a parallel provision set forth in section 45298,[6] which applies in the context of elementary and secondary schools.  "[W]hen possible, sections of the Education Code bearing on the same subject must be read and construed

---

[6]     The current version of section 45298, subdivision (a), which is substantively the same as the version in effect when we decided *Tucker*, *supra*, 168 Cal.App.4th 640 provides:  "A person laid off because of lack of work or lack of funds shall be eligible for reemployment for a period of 39 months as follows:  (1)  The person's reemployment shall take preference over new applicants.  [¶]  (2) the person shall have the right to participate in promotional examinations within the district during the period of 39 months."

9

together." (*Santa Barbara Federation of Teachers v. Santa Barbara High Sch. Dist.* (1977) 76 Cal.App.3d 223, 235.) Section 45298 provided the plaintiff in *Tucker* with the right to be reemployed by a high school district in preference to "new applicants" for any position for which he applied and for which he was qualified. The district argued the plaintiff had reemployment preference only for a position within the class from which he was laid off. We rejected that argument, stating, "If the Legislature had intended to limit a laid-off employee's right to reemployment, it easily could have stated the former employee 'shall be reemployed within the same class from which the employee was laid off in preference to new applicants.' It did not do so, and the language of the statute has remained essentially the same since it was first enacted in 1935." (*Tucker*, *supra*, 168 Cal.App.4th at p. 646, italics omitted.)

In *Tucker*, we rejected the district's cramped reading of the reemployment statute, which would contravene the Legislature's intent: "By requiring that the preference be available only if the laid-off employee is applying for a position within the exact same class from which he or she was laid off, a district would be free to simply eliminate the position or class after laying off the employee, thereby doing away with the benefit the Legislature intended to afford to the laid-off employee by enacting section 45298. District has broad discretion to define the qualifications required for any position for which it seeks applicants, thus it may ensure that only applicants who meet the prerequisites of a given position will be hired. Providing a preference for laid-off employees who can fulfill the qualifications of a position protects both the interests of the laid-off employee, as intended by the Legislature, and the interests of the District in

10

having an employee qualified for the position." (*Tucker*, *supra*, 168 Cal.App.4th at pp. 647-648.)

Here too, it would defeat the purpose of the section 88117 reemployment provision to interpret it to apply only to external applicants as Southwestern urges. The Legislature since 1935 has granted laid-off classified community college employees a preference in reemployment for 39 months in recognition that they were laid off through no fault of their own. That protection would be rendered a nullity if, as here, Southwestern were allowed to fill its vacancies with internal applicants without giving a preference to laid-off employees.

11

DISPOSITION

The judgment is reversed.  On remand, the trial court is directed to vacate its prior order and conduct further proceedings consistent with this opinion.  Fernando Poveda is awarded costs on appeal.

O'ROURKE, J.

WE CONCUR:

NARES, Acting P. J.

McINTYRE, J.

12